**STATE of Iowa, Appellee,**

v.

**Jerry L. MILES, Appellant.**

**No. 91-296.**

Supreme Court of Iowa.

Oct. 21, 1992.

Linda Del Gallo, State Appellate Defender, Shari Barron, Assistant State Appellate Defender, for appellant.

Jerry L. Miles, pro se.

Bonnie J. Campbell, Atty. Gen., Julie A. Halligan, Asst. Atty. Gen., William E. Davis, County Atty., and Joseph Grubisich, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

Defendant Jerry L. Miles was convicted by a jury of being a felon in possession of a firearm. Iowa Code § 724.26 (1991). Four assignments are presented, the first of which was decided adversely to Miles in *State v. Jones*, 490 N.W.2d 787, 792 (Iowa 1992) (finding no constitutional or statutory violation in compiling jury pools). Remaining issues address (1) the trial court's refusal to grant a new trial on the basis of newly-discovered evidence, (2) the sufficiency of evidence, and (3) the trial court's refusal to continue the trial. We affirm.

Police officer Daniel Richlen was alerted by David Reed, who had been hit in the face with a handgun and was bleeding from his nose and face. Reed said his assailant had driven away in a yellow or orange truck. Officer Richlen, with Reed in the back seat of his squad car, began driving in search of such a truck. While driving, Richlen heard from the police dispatch that shots had been fired at the nearby Golden Moon bar, where the assault had occurred.

Richlen stopped at a gas station after noticing an orange truck parked at the pumps. Reed observed Miles with two other men by the pumps and identified Miles as his assailant. After calling for back-up help, Richlen determined Miles owned the truck. Looking through the vehicle's window, Richlen saw a pistol, easily visible, behind the driver's seat among some branches and brush. One of the officers retrieved the gun. Richlen testified the gun contained four live rounds and two

spent rounds. From smelling the gun he believed it had been recently fired. Richlen never saw Miles or his companions inside the vehicle.

Reed had not actually seen his assailant but thought him to be Miles on the basis of his earlier argument with him. It was later determined that Miles was not the assailant so an assault charge against him was dismissed. The State's evidence in support of the possession of firearms charge was the gun's easy visibility, the fact it had been fired recently, and defendant's ownership of the vehicle.

Miles presented evidence in his favor. Miles' two companions, James Miles (defendant's brother) and Frederick Braggs, both testified the three had driven from the Golden Moon bar to the gas station and that neither had seen the gun. Ricky Butler, Terry Lowery, and James Miles testified they had seen Reed near Miles' vehicle in the parking lot of the Golden Moon bar, although Butler did not identify the man as Reed. They suggested Reed was doing something to the vehicle. Dannie Harris testified he had seen Reed at the bar. He said Reed was not bleeding at the time but seemed upset.

A first trial resulted in mistrial because the jury was unable to reach a verdict. A second jury found Miles guilty of possession of a firearm. This appeal followed.

■ I. Miles sought a new trial on the basis of newly-discovered evidence. A deputy testified he transported the witnesses Frederick Braggs and Dannie Harris from the courtroom to the county jail. While this was being done Harris was reported to have commented: "The gun was mine." Miles alleges he was not notified of this comment until after the verdict.

Unusually broad discretion is vested in a trial court in ruling on a motion for new trial on the basis of newly-discovered evidence. *Mays v. C. Mac Chambers Co.*, 490 N.W.2d 800, 801 (Iowa 1992); *State v. Overstreet*, 243 N.W.2d 880, 886 (Iowa 1976). This broad discretion is particularly appropriate. It is important to distinguish between the unavoidable, legitimate claims and those proposed in desperation by a disappointed litigant. From its closer vantage point the presiding trial court has a clearer view of this crucial question, and we generally yield to its determination.

We have developed the following standard:

> In order for a defendant to prevail on a motion for new trial based on a claim of newly-discovered evidence, [the defendant] must show: (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991) (citing *State v. Allen*, 348 N.W.2d 243, 246 (Iowa 1984)); *see also* Iowa R.Crim.P. 23(2)(b)(8).

Many, perhaps most, newly-discovered evidence claims must be rejected on the basis of the second standard (could not have been discovered earlier in the exercise of due diligence). Although the trial court overruled the motion generally, we affirm because Miles failed to establish this second ground.

Dannie Harris testified at trial in Miles' defense. If the gun in fact belonged to Harris, it stretches credulity to believe Miles did not know it before trial. Clearly Miles has not shown the evidence could not have been discovered in the exercise of due diligence. We reject the assignment.

■ II. Miles also seeks a reversal of his conviction on the claim there was insufficient evidence to support it. Our scope of review on this assignment is limited.

> The jury's verdict is binding upon a reviewing court unless there is an absence of substantial evidence in the record to sustain it. In making this determination, we consider the whole record, including that evidence which is favorable to defendant or detracts from the weight of the State's case. Where the evidence is in conflict, however, the jury is empowered to resolve those conflicts in accordance with its own views as to the credibility of the witnesses.

**800**

*State v. Allen,* 348 N.W.2d 243, 247 (Iowa 1984) (citations omitted).

Iowa Code section 724.26 (1991) defines felon in possession of a firearm. It provides:

> A person who is convicted of a felony in a state or federal court and who knowingly has under the person's dominion and control ... a firearm or offensive weapon is guilty of a class "D" felony.

To convict Miles of this crime the State was required to prove the following elements:

1. The defendant knowingly or intentionally possessed a firearm.

2. The defendant was previously convicted of a felony.

Miles points to the fact that Reed conceded defendant had not hit him with the gun. He also points to the officer's testimony that defendant was only one of three outside the vehicle when he was apprehended. Finally he points to defense testimony suggesting Reed may have "planted" the gun in defendant's truck. We however think a jury question was presented. A recently fired gun was found in Miles' truck. Miles was inside the truck moments before police discovered the gun. Three police officers testified the gun was clearly visible from both the driver's and passenger's windows and was accessible to anyone inside the truck. This was sufficient evidence to support the verdict.

III. In a separate pro se brief Miles contends the trial court abused its discretion in refusing to grant a continuance to depose David Reed. The court sought to accommodate Miles' earlier request for such a deposition. One trial continuance had been granted in part to accommodate Miles' interview of Reed. In denying a motion to continue on the day of trial, the court assured Miles he would be allowed to interview Reed over the noon hour or, if necessary, that evening. Reed did testify for the defense. There was no abuse.

AFFIRMED.