STATE of Iowa, Appellee,

v.

Joshua Anthony BROWN, Appellant.

No. 96–959.

Supreme Court of Iowa.

Sept. 17, 1997.

**114**

Linda Del Gallo, State Appellate Defender, Martha J. Lucey, Assistant State Appellate Defender, and Carrie Wolf, Student Legal Intern, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, and Lee Beine, County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, ANDREASEN, TERNUS, and SCHULTZ,* JJ.

HARRIS, Justice.

Joshua Anthony Brown (Brown) appeals following his convictions of domestic abuse causing injury in violation of Iowa Code sections 708.2A(1) and .2A(3)(b) (1995), and of possession of a firearm by a felon in violation of Iowa Code section 724.26. The assignments of error on appeal challenge the sufficiency of the evidence to support the convictions, and trial court rulings admitting evidence. We affirm.

On December 20, 1995, law enforcement officers arrived at the home of Joshua and Kristy Brown after receiving a 911 call from Kristy's sister, Cindy Smith. Cindy reported that Kristy had called and said Brown had assaulted her. Officer Kevin Knoche met Kristy at the front door. Kristy, who was crying and had welts on her face, warned Knoche that Brown had assaulted her, that he had a bad temper, and kept a gun behind the front door. When the officers entered the home they found Brown asleep and arrested him without objection. They recovered a BB gun and a .20 gauge shotgun from behind the door and, after Brown voluntarily told about the location of a .22 caliber rifle in another room, the officers recovered it also.

The domestic assault and weapons possession charges resulted. Prior to trial Brown moved in limine to preclude the State from presenting testimony that he had gone hunting and used guns on prior occasions or his criminal record (two theft convictions and one prior aggravated domestic assault conviction). The motion in limine was overruled.

Kristy did not testify at trial. Her version of the events was related through the testimony of policemen (Knoche and Dale Edens), her sister Cindy, and Cindy's husband, William Smith. The Smiths testified that Brown had gone hunting, though they did not see him possess any of the guns recovered from the home. Kenneth Emmerson, who lived nearby, testified he saw Brown shoot a .22 caliber rifle in October 1995, but could not identify it as the same gun as the .22 caliber rifle recovered by police. Joanne Brookshear, another neighbor, testified she also saw Brown shooting a gun while he was hunting in the fall of 1995.

Brown, who did not testify, brought this appeal following convictions on both charges.

■ I. In a sufficiency-of-the-evidence challenge we review all the evidence to determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Robinson*, 288 N.W.2d 337, 339 (Iowa 1980). We view the evidence in the light most favorable to the State and draw all fair and reasonable inferences from all the evidence. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). We do not uphold a verdict on evidence that merely raises suspicion, speculation, or conjecture regarding guilt. *State v. McGrew*, 515 N.W.2d 36, 38 (Iowa 1994). Rulings on evidentiary matters are reversed only when the trial court is shown to have abused its discretion. *State v. Hubka*, 480 N.W.2d 867, 868 (Iowa 1992).

II. In order to convict Brown of the offense of domestic abuse assault causing bodily injury, the State was required to prove that Brown: (1) did an act which was meant to cause pain or injury, result in physical contact which was insulting or offensive, or place Kristy in fear of an immediate physical contact which would have been painful, injurious, insulting, or offensive to her; (2) had the apparent ability to do the act; (3) the act caused a bodily injury to Kristy; and—as the offense was specified in this case—(4) at the time the act occurred, Brown and Kristy were family or household members who resided together. Iowa Code §§ 708.2A(1), .2A(3)(b), 236.2. Brown contends that the State failed to produce sufficient evidence that he caused injuries to Kristy. We think it did.

■ Knoche testified that Kristy had been injured when he arrived at the home; she had welts under both eyes and scratches under her left eye. He testified Kristy told him Brown had caused the injuries. Deputy Edens testified the same. There was also evidence that Kristy and Brown lived togeth-

* Senior Judge assigned by order pursuant to Iowa Code § 602.9206 (1997).

er in the home as husband and wife. So a rational jury could find beyond a reasonable doubt that Brown assaulted Kristy causing her bodily injury and that the two were family or household members who resided together.

III. In order to convict Brown of the offense of possession of a firearm as a convicted felon, the State had to prove by beyond a reasonable doubt that he: (1) "knowingly" had "dominion and control" over a firearm at the time in question; and (2) was previously convicted of a felony. Iowa Code § 724.26. Brown admits he was previously convicted of a felony and thus concedes the second element. He does challenge the sufficiency of the evidence to establish the first element. But we think the evidence also supports a finding of dominion and control over a firearm.

Knoche testified that, before Brown was arrested, Kristy said she feared he might get the guns in the house before the police did and use "them on us." Edens testified he heard Kristy express the same fear. Edens also testified the .20 gauge shotgun was located between eight and twelve feet from Brown when he was arrested, and that the .22 caliber rifle was between ten and twelve feet away. Edens further testified that Kristy told him Brown brought the .20 gauge shotgun into their home. Brown himself told the police officers where the .22 caliber rifle was.

■ The jury could reasonably infer from the foregoing that Brown had dominion and control over either the shotgun, or the rifle, or both. *See State v. Miles,* 490 N.W.2d 798, 800 (Iowa 1992).

The challenges to the sufficiency of the evidence are without merit.

■ IV. The next assignment challenges the admission of testimony by witnesses that Brown had possessed guns and gone hunting or made statements about hunting on occasions prior to the date of this arrest. He claims this evidence was irrelevant and unfairly prejudicial and therefore inadmissible. The issue is controlled by Iowa rule of evidence 404(b), which provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The list of admissible "other purposes" in rule 404(b) is not exclusive. *State v. Plaster,* 424 N.W.2d 226, 228 (Iowa 1988). "[T]he key to admissibility is 'whether the challenged evidence is relevant and material to some legitimate issue other than a general propensity to commit a wrongful act.'" *State v. Uthe,* 542 N.W.2d 810, 814 (Iowa 1996) (quoting *State v. Barrett,* 401 N.W.2d 184, 187 (Iowa 1987)). The evidence is inadmissible if it is offered only to show the defendant acted in conformity with a general propensity to commit a wrongful act. *Barrett,* 401 N.W.2d at 187.

■ We apply a two-step analysis in reviewing challenges to evidence of prior "bad acts" under rule 404(b). *Uthe,* 542 N.W.2d at 814. We first decide "whether the evidence is relevant" for a purpose other than to show that the defendant acted in conformity with his or her propensity to commit the wrongful act. *Id.* If the evidence is relevant for one of these legitimate purposes, we move to a second step: "whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice." *Id.* A trial court applies the same two-step analysis in deciding whether to admit the evidence. *Plaster,* 424 N.W.2d at 229. We reverse the trial court decision only on finding a clear abuse of discretion. *Id.*

■ Evidence is relevant and thus satisfies the first step of the two-step analysis "when it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (quoting Iowa R. Evid. 401). Evidence is relevant if a reasonable person might believe the probability of the truth of the consequential fact to be different if the person knew of the challenged evidence. *Id.*

In applying the second step of the analysis we determine if the probative value of the challenged evidence was substantially outweighed by the danger of unfair prejudice. *Uthe,* 542 N.W.2d at 814. An affirmative answer renders the challenged evidence inadmissible. *Plaster,* 424 N.W.2d at 231. "Unfair prejudice" is an undue tendency to suggest decisions by the fact finder based on an improper basis, often an emotional one. *Id.* Of course the whole purpose of evidence is to sway the fact finder toward an outcome that favors one party, so most evidence that damages a party's case is not to be considered unfairly prejudicial. *Id.* Unfairly prejudicial evidence is evidence that

> appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action [which] may cause a jury to base its decision on something other than the established propositions in the case. The appellate court may conclude that "unfair prejudice" occurred because an insufficient effort was made below to avoid the dangers of prejudice, or because the theory on which the evidence was offered was designed to elicit a response from the jurors not justified by the evidence.

*Plaster,* 424 N.W.2d at 231–32.

In at least some cases we have added a final consideration before ruling prior bad acts evidence admissible. In these cases we require "clear proof" that the prior bad acts were committed by the defendant. *See State v. Jones,* 464 N.W.2d 241, 243 (Iowa 1990); *State v. Spargo,* 364 N.W.2d 203, 209 (Iowa 1985); *State v. Williams,* 360 N.W.2d 782, 786 (Iowa 1985). This rule does not require that the prior acts be established beyond a reasonable doubt. *Spargo,* 364 N.W.2d at 209; *Williams,* 360 N.W.2d at 786. The purpose of the clear proof rule is to "prevent the jury from engaging in speculation or drawing inferences based on mere suspicion." *Spargo,* 364 N.W.2d at 209. No corroboration is required for evidence to pass the clear-proof test. *Jones,* 464 N.W.2d at 243.

We think the evidence challenged here was admissible, not as direct proof of Brown's possession by dominion and control of the weapons, but to prove motive for possessing guns. The challenged evidence shows he had gone hunting and talked about going hunting on prior occasions. Hunting is an activity associated with possessing firearms so it is obviously more probable that Brown would have possession and dominion of guns if he used them while hunting. The first step of the analysis is thus satisfied.

The second step requires us to consider whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice. Although the evidence of Brown's prior possession of guns and hunting on prior occasions is not the strongest evidence linking him to dominion and control over one of the firearms found in the home, it still is important to show he had a motive for possessing guns. The evidence is probative because, as already discussed, it shows Brown's motive for wanting to have dominion and control over a firearm.

Brown suggests a possible prejudice to him because the jury could have convicted him based only on his prior possession of guns without finding he had dominion and control over the guns in the home. But we see little likelihood this would happen. Certainly the evidence does not fit the definition of *unfair prejudice* as explained in *Plaster. See Plaster,* 424 N.W.2d at 231–32. The evidence does not appeal to the jury's "sympathies." *Id.* at 231. It does not "arouse its sense of horror," nor does it "provoke its instinct to punish." *Id.* The evidence does not call for an improper emotional response from the jury. *Id.* at 232. It also is not designed to elicit an improper response from the jury. *Id.*

We therefore reject Brown's challenge to the evidence of prior possession of guns.

V. Brown's final assignment is addressed to the pretrial ruling on his motion in limine. Brown's notice that he intended to rely on self-defense precipitated a State notice that, if he testified, his criminal record would be used as impeachment. It was this notice that precipitated the motion in limine. Brown claims that his election not to testify at trial was based on what he considers an erroneous ruling. He insists he should have

been allowed to take the stand without fear of improper use of evidence of his past.

A clear rule however prevents Brown from challenging the pretrial ruling in the abstract. Brown was required to testify at trial and face the challenged evidence before complaining of it. It is one of the facts of court life that a pretrial motion in limine is of limited value unless it is sustained.

 In *State v. Davis*, 328 N.W.2d 301, 306 (Iowa 1982), we held:

> a defendant must take the stand and testify and the prosecutor must use the statement to impeach before the defendant can raise a constitutional claim such as we have here—that his prior statement could not be used for impeachment because it was involuntary.

*Id.* We listed various reasons for this holding. "First, to hold otherwise would permit an accused to create an alleged error by merely announcing he would have taken the stand but for the trial court's prior finding that the statement was voluntary." *Davis*, 328 N.W.2d at 306. It is easy for an accused to claim he or she would have taken the stand. A reviewing court cannot know whether the accused elected not to testify because of the district court's ruling or whether the witness chose not to testify for some other tactical reason. *Id.* at 306–07.

Moreover a reviewing court cannot be sure the prosecutor would actually have impeached the accused with the prior statement. *Id.* at 307. The State may have changed its tactics or strategy at trial and decided not to impeach the accused with the prior statement. *Id.*

Finally "[t]he best way to transform this problem from the theoretical to the actual is to require that a defendant actually testify in order to raise the constitutional issue and demonstrate prejudice." *Id.* Only after an accused testifies will a reviewing court have an adequate record to determine whether the accused was prejudiced. *Id.* Until then a reviewing court can only speculate regarding what would have occurred at trial if the defendant had taken the stand. *Id.*

In *Luce v. United States*, 469 U.S. 38, 39, 105 S.Ct. 460, 462, 83 L.Ed.2d 443, 446 (1984), the question was "whether the defendant, who did not testify at trial, is entitled to review of [a] ruling denying his motion to forbid the use of a prior conviction to impeach his credibility." The *Luce* court reached the same conclusion we did in *Davis*, relying on the same considerations.

Brown cannot claim error in the district court ruling on his motion in limine because he did not testify. Because we reject all of Brown's assignments the judgment of the district court must be affirmed.

**AFFIRMED.**