# IN THE COURT OF APPEALS OF IOWA

No. 13-0795
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SERGIO RETANA JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.


        A defendant appeals his conviction claiming the evidence was insufficient to convict him. **AFFIRMED.**


        Jeffery A. Wright of Carr & Wright, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, John Sarcone, County Attorney, and Joseph Crisp, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Sergio Retana Jr. appeals his conviction for conspiracy to deliver a controlled substance, possession of a controlled substance with the intent to deliver, and failure to possess a drug tax stamp. He claims the evidence admitted at trial was insufficient to prove he possessed the methamphetamine found in the car he was occupying. Because we find sufficient evidence to support the element he possessed the methamphetamine, we affirm his conviction and sentence.

**I. Background Facts and Proceedings.**

David Allen worked as a confidential informant for the police. With the assistance of his police contacts, Allen arranged to purchase methamphetamine from Joshua Turner. Prior to the controlled buy, the officers searched Allen and his vehicle by patting Allen down while he remained seated in the vehicle, searching the front of the car, and visually inspecting the back seat. Allen was provided money to purchase the drugs and contacted Turner to arrange the purchase. Allen picked up Turner and Retana at an arranged location and drove them back to a Des Moines parking lot. The officers maintained surveillance on Allen's vehicle.

At the Des Moines parking lot, Retana and Turner got out of Allen's car and instructed Allen to drive around so that they could obtain the drugs from the source. Turner and Retana left on foot. Police surveillance was momentarily lost on Turner and Retana, but the officers maintained surveillance on Allen, instructing him to return to the parking lot. Retana and Turner returned to the

parking lot and got into Allen's vehicle. Retana, who was in the back passenger seat, passed a baggie with a white substance inside to Turner in the front passenger seat who then passed it to Allen. Allen looked at the baggie and handed it back to Turner.

The police pulled Allen's vehicle over for a traffic stop and searched the vehicle with Allen's consent. The officers found methamphetamine in the front console under the ashtray and another baggie wedged between the back passenger seat and the frame. Each baggie was confirmed to contain approximately fourteen grams of methamphetamine.

Retana was charged, along with Turner, with conspiracy to deliver a controlled substance, possession of a controlled substance with the intent to deliver, and failure to possess a drug tax stamp. Retana and Turner were tried together. The first trial resulted in a mistrial when the jury could not reach a verdict. However, at the second trial, Retana and Turner were found guilty as charged. The court merged the conspiracy and the possession convictions and sentenced Retana to twenty-five years on the conspiracy conviction and five years on the drug tax stamp conviction, to be served consecutively.

Retana now appeals asserting the evidence was insufficient to prove he possessed the methamphetamine.

## II. Scope and Standard of Review.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Copenhaver*, 844 N.W.2d 442, 449 (Iowa 2014). We will uphold a verdict if it is supported by substantial evidence. *State v. Brubaker*, 805

N.W.2d 164, 171 (Iowa 2011). Evidence is considered substantial if a rational fact finder is convinced by the evidence that the defendant is guilty beyond a reasonable doubt. *Id.* We look at all the evidence in the light most favorable to the State, including all reasonable inferences to be drawn from the evidence. *State v. Brown*, 569 N.W.2d 113, 115 (Iowa 1997).

### III. Sufficiency of the Evidence—Possession.

Retana asserts on appeal the evidence is not sufficient to prove he had possession of the methamphetamine found in the vehicle. He asserts the drugs belong to Allen, in whose car the methamphetamine was found. Because the drugs were not found on him, Retana claims the State had to prove he had constructive possession of the drugs found in the car.

Possession in Iowa can be either actual or constructive. *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010). Actual possession can be shown by direct evidence—the drugs were actually found on the person—or it can be shown by circumstantial evidence—the evidence shows the drugs were once in the defendant's possession. *Id.* Just because the drugs were not found on Retana's person when he was arrested does not mean the State is confined to only proving constructive possession—which requires the State to prove the defendant had knowledge of the controlled substance and the authority or right to control it. *See State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013).

The evidence in this case consisted of Officer Doty testifying as to his search of Allen and Allen's vehicle before the controlled buy occurred. Officer Doty searched Allen's pockets and locations in the vehicle within arm's reach of

Allen.  Specifically, he searched the center console area and the ashtray, where one baggie of methamphetamine was found.  While Officer Doty did not have Allen step out of the vehicle so that the officer could search every crevice on Allen's body and in his vehicle, Officer Doty testified this type of search is routinely done in controlled-buy situations so as not to draw attention to the confidential informant.  Surveillance was maintained on Allen, and no officer observed any furtive movement of Allen, nor did Allen ever enter the back passenger compartment, as would be required to place the second baggie of methamphetamine under the back passenger seat.

Allen testified after Turner and Retana returned to his vehicle, Retana passed a baggie containing methamphetamine to Turner, who in turn passed the baggie to Allen.  Allen then passed it back to Turner immediately before the traffic stop.  Allen testified that when the officer initiated the traffic stop, both Turner and Retana were frantically trying to hide the drugs.  The amount of methamphetamine recovered by the officers was nearly eight times the amount Allen had arranged to purchase from Turner.  Allen denied "planting" the drugs in the vehicle.

While Retana attacks Allen's credibility based on his motivation to assist the officers as a confidential informant, issues of witness credibility are left to the jury.  *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) ("The function of the jury is to weigh the evidence and 'place credibility where it belongs.'" (citation omitted)).  In addition, the State does not have "an affirmative duty to rule out

every hypothesis except that of guilt beyond a reasonable doubt." *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008).

Although the contraband was not in Retana's physical possession at the time of arrest, viewing the facts in the light most favorable to the State as we must in a sufficiency-of-the-evidence challenge, we conclude there is substantial evidence the methamphetamine was in Retana's possession immediately prior to the arrest. We therefore affirm his conviction and sentence in this case.

**AFFIRMED.**