# IN THE COURT OF APPEALS OF IOWA

No. 17-1195
Filed July 18, 2018

**JERRY LEE WILLIAMS, SR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Lee (North) County, John M. Wright,

Judge.

Jerry Williams appeals the dismissal of his application for postconviction

relief. **AFFIRMED.**

Eric D. Tindal of Keegan Farnsworth & Tindal, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Aaron J. Rogers, Assistant

Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Jerry Williams Sr. appeals the denial of his application for postconviction relief (PCR) following his conviction for murder in the first degree. On direct appeal, our supreme court set forth the following facts:

> The charge arose from the slaying of Iowa State Penitentiary inmate Gary Tyson on September 2, 1981. Defendant was among a group of inmates being held in administrative segregation in cellhouse 20 on that date. Defendant was then under indictment for the alleged murder of inmate Allen Lewis on May 18, 1981. Tyson's death was discovered after a prison riot was brought under control.
> The State's evidence tended to show that defendant and several fellow members of a prison gang called the Vice Lords killed Tyson during the riot because they suspected Tyson was going to provide the State with evidence against them on the Lewis homicide. . . . In particular the jury could find that defendant held Tyson in a chokehold while Allen Langley repeatedly stabbed him. Tyson was beaten, choked and stabbed in the chest, back and neck. Forensic testimony indicated that he died from the stab wounds.

*State v. Williams*, 360 N.W.2d 782, 784 (Iowa 1985). Procedendo issued February 12, 1985. Williams subsequently obtained signed affidavits from three separate inmates stating two witnesses at Williams's trial had confessed to falsely testifying against Williams. Those affidavits are dated November 16, 1987, December 23, 1987, and March 1990. One of the affiants provided another affidavit dated August 4, 2016, that again states a witness had confessed to committing perjury in Williams's trial.

On December 30, 2013, Williams filed his application for PCR based partly on the affidavits he obtained. On July 13, 2017, the district court denied his application, finding he filed his application more than three years after the writ of procedendo and he had failed to present a ground of fact or law that could not

have been raised during the three years to overcome the statute of limitations. Iowa Code § 822.3 (2013).

On appeal, Williams has abandoned the arguments he raised before the district court. Instead, he only argues his PCR counsel was ineffective for failing to raise actual innocence and create a record to evaluate his innocence. To prevail on a claim on ineffective assistance of counsel, the applicant must show "(1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We typically preserve such claims for further PCR proceedings, resolving the claims on appeal only if the record is adequate. *Id.* at 494.

Our supreme court recently addressed actual innocence in PCR actions, finding the PCR statute of limitations does not bar freestanding actual innocence claims and creating a new standard to evaluate actual innocence claims. *Schmidt v. State*, 909 N.W.2d 778, 799–800 (Iowa 2018). The district court denied Williams's application before the issuance of the *Schmidt* decision. As a result, Williams did not have the benefit of *Schmidt* when making arguments and establishing the record regarding actual innocence before the district court, and the record before us is inadequate to evaluate whether his counsel was ineffective for failing to raise actual innocence. *See Clay*, 824 N.W.2d at 494. Therefore, we affirm the district court, and we preserve his claim that his PCR counsel was ineffective for failing to raise actual innocence for an additional PCR proceeding.

**AFFIRMED.**