**IN THE COURT OF APPEALS OF IOWA**

No. 22-1882
Filed June 5, 2024

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DATARIUS DEWON SPATES,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.

      A criminal defendant appeals from the denial of his motion for a new trial

based on newly discovered evidence. **AFFIRMED.**

      Gregory F. Greiner, West Des Moines, for appellant.

      Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.

      Considered by Schumacher, P.J., Ahlers, J., and Vogel, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**VOGEL, Senior Judge.**

Datarius Spates was found guilty of willful injury causing bodily injury after he stabbed a man during a heated verbal exchange. Roughly two months after the jury returned its verdict, Spates moved for a new trial, asserting he had newly discovered, material evidence bolstering his justification defense from a purported eyewitness and an affiant. The district court denied the motion and Spates appeals from that denial. Because neither the witness nor the affiant provided newly discovered evidence, nor would either likely change the trial's result, we affirm.

**I.     Background Facts and Proceedings**

Around 1:00 a.m. on February 24, 2022, Cletus Johnson was taking a break from his shift at a convenience store. According to Johnson, he and a friend were sitting in his truck out front when Spates arrived and approached Johnson's truck. The two were not on good terms—Johnson had recently kicked Spates out of the store for fighting. Spates and Johnson began a heated verbal exchange. Johnson testified he left his truck and tried to diffuse the situation, but Spates persisted. Spates then stabbed Johnson in the side with a knife. Johnson eventually sought treatment at a hospital, and the injury left him with a permanent scar.

Two cameras captured the event, and the footage aligns with Johnson's account. After investigation, Spates was charged with willful injury causing bodily injury, in violation of Iowa Code section 708.4(2) (2022), a class "D" felony. His case proceeded to a jury trial.

There was no dispute Spates stabbed Johnson—video footage and Spates's admission proved as much. Accordingly, the only question during the trial was whether Spates's actions were justified. After Johnson testified about the

event, Spates offered his version. Spates testified that his girlfriend and another woman drove him to the store. Spates claimed he saw a gun in Johnson's truck. According to Spates, while he and Johnson were exchanging words in the street, he was scared and thought his safety was threatened. When the exchange intensified, Spates testified he picked up a knife he saw on the ground, stabbed Johnson in self-defense, and ran.

On cross-examination, Spates confirmed he never saw a gun on Johnson, nor any other weapon. As well, the State entered the video footage into evidence, which refuted Spates's direct testimony and showed that Spates never picked up a knife, nor any other item, from the ground. The jury ultimately found Spates guilty of willful injury causing bodily injury.

Prior to sentencing, Spates moved for a new trial, citing newly discovered evidence. First, Spates provided an affidavit from Dorray Cooper. Cooper did not witness the event but claimed he spoke with Johnson about the event at some unknown time. According to Cooper, Johnson said he hit Spates in the face, dropped a knife, tried to grab Spates, and removed the knife's handle to cover his fingerprints.

Second, Spates offered the testimony of Damion Greenhill. Greenhill testified that he drove to the store that evening with Spates in a red car with a woman. He testified to seeing Spates enter the store to buy a drink, argue with Johnson after leaving the store, and pick up a knife from the ground during the scuffle.

The district court denied the motion for new trial, finding Spates failed to show the information was unavailable before the trial, nor would Cooper's or

Greenhill's testimonies have changed its result. Spates was ultimately sentenced to five years in prison. He now appeals the denial of his motion for new trial.

## II. Standard of Review

We will only reverse a motion for new trial if the district court abused its discretion. *State v. Cahill*, 972 N.W.2d 19, 27 (Iowa 2022). When considering motions based on newly discovered evidence, district courts are "vested with unusually broad discretion." *State v. Uranga*, 950 N.W.2d 239, 243 (Iowa 2020) (cleaned up). Because the presiding court is in the best position to consider the proffered evidence in relation to the prior trial, "we generally yield to its determination." *State v. Jefferson*, 545 N.W.2d 248, 249 (Iowa 1996) (quoting *State v. Miles*, 490 N.W.2d 798, 799 (Iowa 1992)). Still, if the court's denial is based "on grounds or for reasons clearly untenable or to an extent clearly unreasonable," the court has abused its discretion. *Uranga*, 950 N.W.2d at 243 (quoting *State v. Walker*, 935 N.W.2d 874, 877 (Iowa 2019)).

## III. Discussion

A court may grant a criminal defendant a new trial "when the defendant has discovered important and material evidence in the defendant's favor since the verdict that the defendant could not with reasonable diligence have discovered and produced at the trial." Iowa R. Crim. P. 2.24(2)(c). To satisfy the rule, Spates must show that his evidence "(1) was discovered *after* the verdict, (2) could not have been discovered earlier in the exercise of due diligence, (3) is material to the issues in the case and not merely cumulative, and (4) probably would have changed the result of the trial." *Jefferson*, 545 N.W.2d at 249.

Starting with the Cooper affidavit, Spates has failed to meet his burden. First, Spates has not shown this evidence is newly discovered. On appeal, Spates summarily asserts the evidence "was discovered before sentencing and within weeks of his trial," but he offers no temporal context for Cooper's alleged conversation with Johnson. Without any factual basis to discern when Cooper spoke with Johnson, we agree with the district court that Spates failed to prove Cooper's evidence "could not have been discovered and produced at the trial if [Spates] had exercised reasonable diligence."

Second, even if Cooper's information were newly discovered, it is unlikely to have changed the trial's result. Cooper's account is refuted by other evidence offered at trial—the video footage shows Spates never picked up a knife from the ground. Cooper's evidence also contradicts Spates's trial testimony, as Spates testified Johnson "swung" at him and missed, yet Cooper swore Johnson "hit [Spates] in the face." Thus, Cooper's information is neither newly discovered nor likely to alter the result of the trial.

Next considering Greenhill's testimony, we again find Spates failed to meet his burden. First, if Greenhill's testimony is to be believed, then his information was readily discoverable before trial. Indeed, Greenhill testified to driving to the store with Spates, and thus Spates would have been aware of Greenhill and his possible information before trial. *See Uranga*, 950 N.W.2d at 243 (explaining evidence is not newly discovered if "the defendant was aware of the evidence prior to the verdict but made no affirmative attempt to obtain the evidence or offer the evidence into the record").

Second, even if it were newly discovered, Greenhill's testimony would not have changed the result of the trial. Like Cooper, most of Greenhill's information is refuted by other trial evidence—footage shows Spates arrived in a white car, not a red car; Spates never entered the convenience store; and Spates never picked up a knife (or anything else) from the ground. Greenhill similarly contradicts Spates's trial testimony, as Spates testified that his girlfriend and her friend drove him to the store, not Greenhill and another person. *See Carter v. Carter*, 957 N.W.2d 623, 640 (Iowa 2021) (finding no abuse of discretion when proffered evidence was "clearly not true"). Thus, we agree it is unlikely Greenhill's testimony would have changed the result of Spates's trial.

IV.     **Conclusion**

Because Spates has not proved that Cooper's or Greenhill's information is newly discovered, nor would either have likely changed the result of Spates's trial, we find the district court did not abuse its discretion when denying Spates's motion for new trial. We affirm.

**AFFIRMED**.