# IN THE COURT OF APPEALS OF IOWA

No. 23-1607
Filed December 18, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESUS RAMON QUINTERO VAZQUEZ,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Jason A. Burns, Judge.

A defendant appeals the denial of his motion for judgment of acquittal, challenging the sufficiency of the evidence to support a conviction for domestic abuse assault causing bodily injury. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, Nicholas E. Siefert and Anagha Dixit, Assistant Attorneys General, and Makenna Konkol, Student Legal Intern, for appellee.

Considered by Ahlers, P.J., Sandy, J., and Telleen, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**TELLEEN, Senior Judge.**

Five bystanders called 911 after they saw Jesus Quintero Vazquez drag his wife across the pavement and push her into his truck, which was idling at an intersection. A jury found Quintero Vazquez guilty of domestic abuse assault causing bodily injury. He appeals the denial of his motion for judgment of acquittal, challenging the sufficiency of the evidence.

## I. Background

On May 23, 2022, Quintero Vazquez picked up his wife, Estefania Aguilar-Rosales, at her place of work in Coralville. Just down the street, the couple came to a stop at the busy intersection of 12th Avenue and Highway 6. Aguilar-Rosales got out. Quintero Vazquez followed. At trial, Aguilar-Rosales testified that she got out of the truck because she intended to confront a neighbor who she believed had recently vandalized her car. She changed her mind moments later, turned back toward the truck, and tripped. According to Aguilar-Rosales, her husband helped her up, and they proceeded on their way.

That's not what other drivers saw. Jacob Heumphreus testified that he was stopped in a nearby turning lane when screaming and hollering between two people drew his attention to the sidewalk. He saw a man exit his truck and catch up with a woman who was walking away. Heumphreus watched the man grab the woman by her hair and drag her back to the idling truck. According to Heumphreus, the woman was "fighting it, kind of kicking and screaming" in what looked to be "a lot of pain." The man shoved the woman into the truck and drove off. Heumphreus trailed behind, describing what he had witnessed to a 911 dispatcher.

Another driver, Janet Snyder, also saw a struggle. She testified she was approaching the intersection of 12th Avenue and Highway 6 when she "saw an individual holding a woman by the waist, with his hands around her waist, and her arms and legs were flying." Snyder recalled the woman screaming. Although she could not hear the woman's words, "her motions were saying help." Snyder called 911. She told the dispatcher that she had seen a man force a woman into his truck and that she believed the events were captured on her vehicle's dash camera. Recordings of the 911 calls placed by Snyder, Heumphreus, and three other witnesses were introduced at trial. Each of the callers described a physical altercation, and all but Snyder told dispatchers they saw the man dragging the woman across the ground.

Footage from Snyder's dash camera was also presented to the jury. As her vehicle approaches from two blocks away, the view of the intersection is faint. Two figures can be seen moving toward a pickup that is stopped mid-turn. One of the figures walks upright while the other scoots along the ground close behind. When Snyder slows to a stop, the footage becomes clearer. It shows a man situating a passenger in the cab of the truck, then gathering items off the pavement. Another woman steps out of her nearby SUV and hurriedly approaches the pickup. She appears to briefly communicate with the man before both drivers return to their vehicles and depart.

Police stopped Quintero Vazquez and Aguilar-Rosales a couple of miles down the road. In body-camera footage admitted at trial, Aguilar-Rosales's pant leg appears dirty and torn, and the toes of her dress shoes are scuffed. An officer also noted a red mark on her cheek and blood on her ankle. Aguilar-Rosales

attributed these injuries to other causes. She told the officer that she and Quintero Vazquez had been arguing and she decided to "catch a ride." She said she dropped her purse as she got out of the car and that Aguilar-Rosales retrieved it. Quintero Vazquez told police that he and Aguilar-Rosales had an argument on the side of the road. Both spouses denied any violence.

The State charged Quintero Vazquez with one count of domestic abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(2)(b) (2022). A jury found Quintero Vazquez guilty, and he was sentenced to twenty days in jail. He now appeals the denial of his motion for judgment of acquittal, arguing the State's evidence "amounts to only suspicion or speculation that an assault [took] place."

## II. Discussion

We review a challenge to the sufficiency of the evidence for correction of errors at law. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). The jury's verdict must stand if it is supported by substantial evidence. *State v. Cahill*, 972 N.W.2d 19, 27 (Iowa 2022). "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). In applying this standard, it is not our role "to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (citation omitted).

A domestic abuse assault causing bodily injury or mental illness is a serious misdemeanor. Iowa Code § 708.2A(2)(b). To prove such an offense under the

facts of this case, the State needed to show (1) Quintero-Vazquez took an action intended to cause painful, injurious, insulting, or offensive physical contact to Aguilar-Rosales or place her in fear of such contact; (2) Quintero-Vazquez had an apparent ability to execute that action; (3) Quintero Vazquez and Aguilar-Rosales were in a domestic relationship; and (4) Quintero-Vazquez's action caused bodily injury to Aguilar-Rosales.  *Id.* §§ 236.2(2), 708.1(2); *see also State v. Brown*, 569 N.W.2d 113, 115 (Iowa 1997).  "Bodily injury," as used in chapter 708, means "physical pain, illness, or any impairment of physical condition."  *State v. Taylor*, 689 N.W.2d 116, 135 (Iowa 2004) (citation omitted).

Quintero Vazquez and Aguilar-Rosales were separated spouses at the time of the offense, so there is no doubt they had a qualifying domestic relationship. *See* Iowa Code § 236.2(2)(b).  And Quintero Vazquez does not suggest he lacked an apparent ability to drag Aguilar-Rosales by the hair and force her into his truck. Instead, Quintero Vazquez's sufficiency challenge targets the elements of action and injury.  He argues the State's evidence was simply too weak to overcome Aguilar-Rosales's testimony that she was not dragged, shoved, or injured by Quintero Vazquez.  We disagree.

The State presented ample evidence to convince a rational jury beyond a reasonable doubt that Quintero Vazquez assaulted and injured Aguilar-Rosales. His actions in broad daylight caused five bystanders to call 911 and drew one woman out of her vehicle.  All of the 911 callers described a physical altercation. Four of them saw Quintero Vazquez drag Aguilar-Rosales by the hair.  Viewed in the light most favorable to the State, Snyder's dash-camera footage corroborates their statements.  So does the damage to Aguilar-Rosales's pants and shoes.  And

while Aguilar-Rosales denied any injury at trial, the fresh mark on her cheek and the blood on her ankle—coupled with the painful cries heard by at least one witness—are sufficient to support a contrary finding. *See Williams*, 695 N.W.2d at 28 (noting a red mark on a victim's neck corroborated victim's initial allegations of domestic abuse, despite her recantation at trial); *Taylor*, 689 N.W.2d at 136 (finding a victim's bruises and abrasions, among other evidence, supported a finding of bodily injury, notwithstanding the victim's denial).

Quintero Vazquez argues that the State's witnesses provided inconsistent accounts. He highlights that Heumphreus testified about a woman being dragged across the ground whereas Snyder saw a woman be lifted into a truck. We see no obvious contradiction. Like Snyder, Heumphreus also recalled seeing the man "shove [the woman] in the vehicle." That Snyder only witnessed part of the assault is consistent with the timing of her arrival at the intersection. In any event, reconciling Snyder's testimony is the jury's job, not ours. *See Williams*, 695 N.W.2d at 28 (explaining inconsistencies in witness testimony "are for the jury's consideration, and do not justify a court's usurpation of the factfinding function" (emphasis removed) (citation omitted)). We conclude there was substantial evidence to support the State's version of events.

### III. Conclusion

The State presented substantial evidence for a rational jury to find Quintero Vazquez guilty of domestic abuse assault causing bodily injury. We find no error in the district Court's denial of his motion for judgment of acquittal.

**AFFIRMED.**