# IN THE COURT OF APPEALS OF IOWA

No. 13-1557
Filed April 19, 2017

**JORGE PEREZ-CASTILLO,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.

_____

　　Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

　　Jorge Perez-Castillo appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

　　Kate Strickler, Des Moines, for appellant.

　　Jorge Perez-Castillo, Anamosa, appellant pro se.

　　Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee State.

　　Considered by Mullins, P.J., McDonald, J., and Goodhue, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MULLINS, Presiding Judge.**

Jorge Perez-Castillo appeals the district court's denial of his application for postconviction relief (PCR), following his conviction for two counts of murder in the first degree and two counts of attempted murder. He raises numerous claims of ineffective assistance of counsel, as well as various constitutional claims. We generally review PCR proceedings for correction of errors at law. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). However, when an applicant raises constitutional claims, such as claims of ineffective assistance of counsel, we apply a de novo review. *See id.*; *Bonilla v. State*, 791 N.W.2d 697, 699 (Iowa 2010).

Our court affirmed Perez-Castillo's convictions on direct appeal, concluding statements made by the prosecutor during the course of the trial did not constitute misconduct and were not prejudicial to him, and preserving two additional claims for PCR. *State v. Perez-Castillo*, No. 05-0362, 2006 WL 2419143, at *5–6 (Iowa Ct. App. Aug. 23, 2006). The specific facts and circumstances surrounding the murders and attempted murders are set forth in our prior opinion and need not be repeated herein. *See id.* at *1–2.

On June 5, 2007, Perez-Castillo filed a pro se application for PCR alleging his trial counsel rendered ineffective assistance of counsel. Counsel for Perez-Castillo later filed an addendum to the PCR application. Perez-Castillo also made additional claims at the PCR hearing. On September 23, 2013, the district court denied Perez-Castillo's PCR application.

On appeal, Perez-Castillo claims trial counsel rendered ineffective assistance in failing to (1) object to prosecutorial misconduct; (2) adequately

prepare and present certain evidence in his defense, including investigating and calling two witnesses on his behalf; (3) file a motion to sever the charges of first-degree murder and attempted murder; (4) file a motion to sever his trial from that of his codefendant; (5) file a motion to suppress Perez-Castillo's involuntary waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); (6) advise him of his due process right to contact the Guatemalan Consulate under Article 36 of the Vienna Convention; and (7) object to incomplete jury instructions on aiding and abetting.

Perez-Castillo also filed a pro se brief in which he argues: (1) his PCR counsel provided ineffective assistance in being unprepared and in failing to investigate his claims, including locating two witnesses, hiring a private investigator, and hiring experts to review physical evidence in the case; (2) his trial counsel provided ineffective assistance in failing to (a) challenge the sufficiency of the evidence with regard to the first-degree murder charge as premeditated murder, (b) object to the first-degree murder charge on the basis of *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), (c) object to the jury instruction on aiding and abetting, (d) contact the Guatemalan Consulate until after his trial, and (e) file a motion to sever the trials of him and his codefendant; (3) the State committed a violation under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to present exculpatory evidence, including two witnesses and the tape containing his confession to police; (4) his PCR and trial counsel both failed to object to (a) the use at trial of statements he made during a police interview and (b) the State's failure to produce the tape containing his confession to police; (5) he was not properly advised of his *Miranda* rights and his waiver of those rights was

involuntary because he was intoxicated and high on drugs, was unable to speak English, lacked sleep, had been shot, and had not eaten or slept for several hours leading up to the police interview; and (6) his appellate and PCR counsel failed to investigate newly discovered evidence.

Upon our review of the record, the parties' briefs, and the district court's thorough and well-reasoned ruling, we affirm the district court's order as to Perez-Castillo's claims his trial counsel provided ineffective assistance by failing to (1) object to prosecutorial misconduct; (2) investigate and locate two witnesses identified by Perez-Castillo and call them to testify at his trial; (3) move to sever the charges and the trials; (4) move to suppress his involuntary *Miranda* waiver; (5) advise him of his right to contact the Guatemalan Consulate; (6) object to the aiding and abetting jury instructions; and (7) argue the applicability and retroactivity of *Heemstra*. *See* Iowa Ct. R. 21.26(1)(d), (e).

Further, we find Perez-Castillo has failed to preserve error with respect to the following claims because they were not raised before the district court and the court did not rule on them: (1) his trial counsel provided ineffective assistance by failing to challenge the sufficiency of the evidence of the charge of first-degree murder; (2) the State committed a *Brady* violation; (3) his confession was involuntary and his *Miranda* warnings were improper because they were given orally rather than written; and (4) his appellate counsel rendered ineffective assistance in failing to investigate new evidence. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also State v. Derby*, 800 N.W.2d 52, 60

(Iowa 2011) ("Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." (citation omitted)).

Finally, we consider Perez-Castillo's pro se claims his PCR counsel provided ineffective assistance by failing to (1) locate two witnesses and hire experts; (2) object to the use of statements he made during his police interview and the State's failure to produce the tape recording of the interview; and (3) investigate newly discovered evidence.

"Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules." *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). To succeed on a claim of ineffective assistance of counsel, Perez-Castillo must show "by a preponderance of the evidence: '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Based on the record before us, we conclude Perez-Castillo has failed to prove a reasonable probability that, without any alleged errors by PCR counsel, "the result of the [PCR] proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, he cannot show he was prejudiced by any alleged failure of PCR counsel. *See id.*; *see also State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006) (acknowledging failure to prove either prong is fatal to the claim). Furthermore, we find the record contains overwhelming evidence of Perez-Castillo's guilt. *See Boose v. State*, No. 13–1130, 2014 WL 7343218, at *3 (Iowa Ct. App. Dec. 24, 2014) (applying the "overwhelming evidence" standard cited in

*State v. Maxwell*, 743 N.W.2d 185, 197 (Iowa 2008), to the applicant's ineffective-assistance-of-trial-counsel claim in a PCR action).

Accordingly, we affirm without further opinion, pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**