# IN THE SUPREME COURT OF IOWA

No. 09–1711

Filed June 3, 2011

**STATE OF IOWA,**

Appellee,

vs.

**JUSTIN ROBERT DERBY,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Plymouth County, Edward A. Jacobson, Judge.

The defendant seeks further review of the court of appeals decision affirming his criminal convictions. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

Mark C. Smith, State Appellate Defender, Nnawuihe Ukabiala, Student Legal Intern, and David Arthur Adams, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, and Darin J. Raymond, County Attorney, for appellee.

**WATERMAN, Justice.**

The threshold question in this case is whether a defendant who declines to testify can obtain a reversal of his conviction by appealing a pretrial order in limine that would have allowed the State to impeach him with evidence of his prior convictions if he testified. In *State v. Brown*, 569 N.W.2d 113, 117–18 (Iowa 1997), we held the defendant must testify in order to preserve error to challenge the use of his prior convictions as impeachment. Defendant, Justin Derby, asks us to overrule *Brown* in light of *State v. Daly*, 623 N.W.2d 799, 801 (Iowa 2001) (allowing testifying defendant who preemptively discloses his own convictions on direct examination to appeal pretrial in limine ruling) and cases from other jurisdictions. We conclude there is no persuasive reason to depart from stare decisis and decline to do so. We recognize the *Brown* approach left Derby a Hobson's choice between remaining silent or testifying in his own defense at the price of opening the door to impeachment evidence informing the jury of his prior crimes. As we explain below, *Brown* is based on sound reasons and remains the rule followed by a majority of states and the federal courts under the unanimous decision in *Luce v. United States*, 469 U.S. 38, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). Accordingly, we affirm the decision of the court of appeals and the district court's judgment.

## I. Background Facts and Proceedings.

Derby was charged by trial information with third-degree burglary, five counts of forgery, and escape from custody. The trial information alleged Derby was a habitual offender and referenced two previous felonies. Derby pleaded not guilty to all charges, and his case proceeded to a jury trial. On the morning of trial, Derby presented the district court with an oral motion in limine seeking to exclude the admission of Derby's

prior convictions. Derby had previously been convicted of theft and burglary. The district court partially sustained Derby's motion and prevented the State from using Derby's prior convictions in its case in chief. The district court overruled Derby's motion in limine "to the extent that it s[ought] to bullet-proof . . . the defendant from being impeached [with his prior felony convictions]." The district court then stated:

> Obviously, I don't know what answers the defendant might give to what questions he might be asked. But at this point in time, based upon anticipated testimony from him, if he chooses to testify, his prior convictions, together with the curative instruction, is the way the court will proceed.

Derby sought clarification that the district court was only permitting the State to potentially impeach Derby with his prior theft and burglary convictions referenced in the trial information and not Derby's entire criminal record. The district court responded, "Obviously impeachment testimony . . . wouldn't be limited to what's in the trial information. . . . It's pretty hard to rule on an objection when you don't know the question . . . ."

After this colloquy, Derby elected not to testify. At the trial's conclusion, Derby stated he would have testified if the district court had ruled favorably on his motion in limine. Derby was convicted by jury of third-degree burglary, five counts of forgery, and escape from custody. Derby stipulated to being a habitual offender. The district court sentenced Derby to seven concurrent fifteen-year sentences, each subject to a three-year mandatory minimum. Derby was also ordered to pay restitution.

Derby filed a notice of appeal, asserting the district court committed reversible error in overruling his motion in limine. We transferred the case to the court of appeals. The court of appeals, citing

*Brown*, 569 N.W.2d at 117–18, held Derby failed to preserve his claim because he elected not to testify. We granted further review to examine *Brown*'s viability in light of subsequent decisions.

## II. Preservation of Error.

Iowa Rule of Evidence 5.609 governs the admissibility of prior convictions for impeachment purposes. Derby concedes he has not preserved error under the standard articulated in *Brown*. *Brown* holds that, if a defendant does not testify, the defendant does not preserve error to appeal the district court's in limine ruling with respect to rule 5.609 issues. Derby in a frontal attack asks us to overturn *Brown*. Derby argues this court's decision in *Daly*, 623 N.W.2d at 801, and decisions of other jurisdictions, undermine our reasoning in *Brown* and warrant its demise. We begin by examining *Brown*.

**A. State v. Brown.** In *Brown*, the defendant filed a motion in limine to prevent the State from using his criminal record to impeach his testimony. *Brown*, 569 N.W.2d at 117. The district court denied his motion, and in response, Brown elected not to testify. *Id.* Brown was convicted, and he appealed the district court's in limine ruling. *Id.* at 115. Brown insisted he should not be required to testify to preserve his challenge to the district court's rule 5.609 in limine ruling. *Id.* at 118. Brown argued such an error-preservation requirement forces the defendant into an untenable predicament: either testify with fear the State will use arguably improper prior conviction evidence to impeach but preserve error on the evidence's admissibility, or forgo the right to testify and ability to appeal the district court's in limine ruling while avoiding arguably improper use of prior conviction evidence. *Id.*

We initially observed, "A clear rule . . . prevents Brown from challenging the pretrial ruling in the abstract. Brown was required to

testify at trial and face the challenged evidence before complaining of it." *Id.* We cited to *State v. Davis*, 328 N.W.2d 301, 306 (Iowa 1982), as precedent for this rule. *Id.* In *Davis*, we held "a defendant must take the stand and testify and the prosecutor must use the statement to impeach before a defendant can raise a constitutional claim . . . that his prior statement could not be used for impeachment." *Davis*, 328 N.W.2d at 306. We articulated three reasons for our holding: (1) to hold otherwise permits the accused to plant reversible error merely by not testifying, (2) the defendant's harm—the admission of the evidence—is entirely speculative absent the defendant's testimony, and (3) without the defendant's testimony there is not an adequate record to perform a harmless-error analysis. *See id.* at 306–07. In *Brown*, we reiterated these three reasons as grounds for our result. *Brown*, 569 N.W.2d at 118. In *Brown*, we also cited to *Luce v. United States*, in which a unanimous Supreme Court held a defendant must testify in order to preserve error to challenge the district court's in limine ruling permitting the government to use prior conviction evidence for impeachment purposes. *Luce*, 469 U.S. at 39–40, 105 S. Ct. at 462–63, 83 L. Ed. 2d at 446.

Like *Davis*, *Brown* and *Luce*'s holdings are dictated by the practical realities of appellate review. First, we only reverse a trial court's evidentiary ruling if "a substantial right of the party is affected." Iowa R. Evid. 5.103(*a*). "Were in limine rulings under Rule 609(a) reviewable on appeal, almost any error would result in the windfall of automatic reversal; the appellate court could not logically term 'harmless' an error that presumptively kept the defendant from testifying." *Luce*, 469 U.S. at 42, 105 S. Ct. at 463–64, 83 L. Ed. 2d at 448. In the event the trial court did error, requiring the defendant to testify allows the appellate court to

accurately determine prejudice based upon a complete record. Absent such a rule, the defendant can attempt to "plant" reversible error simply by not testifying anytime the trial court declines the defendant's rule 5.609(*a*) motion in limine. *Id.* *Luce* and *Brown* avoid automatic retrials based on erroneous in limine rulings.

Second, without the defendant's testimony, his harm is entirely speculative because the defendant's prior convictions are never admitted in trial. *Id.* at 41, 105 S. Ct. at 463, 83 L. Ed. 2d at 447; *Brown*, 569 N.W.2d at 118. The reviewing court is left to guess as to how the trial would have developed. Maybe the State would impeach the defendant with his prior convictions, or potentially the trial court could reverse its in limine ruling due to trial developments, or maybe the State might find it unnecessary to use the convictions to impeach. When the defendant does not testify he effectively freezes review of the district court's in limine ruling to the limited information known pretrial. *Brown*, 569 N.W.2d at 118. Moreover, a defendant may elect to not testify for any number of tactical reasons, and an appellate court cannot determine if the defendant's decision is predicated on the trial court's prior conviction ruling or some other strategic decision. *Id.* When the defendant does not testify, the entire dispute is theoretical and speculative.

Finally, the prior conviction evidentiary analysis articulated in Iowa Rule of Evidence 5.609(*a*) and its federal rule counterpart asks the court to weigh the probative value of the defendant's prior convictions against its prejudicial effect. *See* Iowa R. Evid. 5.609(*a*)(1) ("[E]vidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused[.]"). The court is handicapped in performing this fact-specific balancing when it does not have a complete

trial record with the defendant's testimony and impeachment. *Luce*, 469 U.S. at 41, 105 S. Ct. at 463, 83 L. Ed. 2d at 447. When the defendant does not testify, the reviewing court, for example, will have difficulty identifying how persuasive or important the defendant's testimony is, the credibility of the defendant, or the need to use the defendant's prior convictions for impeachment purposes—all circumstances that may influence the probative value or prejudicial effect of prior conviction evidence.

*Brown* and *Luce* recognize the quandary its error-preservation rules create for the defendant. In the event the trial court makes an erroneous evidentiary ruling with respect to prior conviction evidence, *Brown* and *Luce* may force a defendant to be confronted by improper and prejudicial prior conviction evidence at trial. This harm, however, is mitigated to a great extent by the fact the testifying defendant can challenge the propriety of the district court's admission of the prior conviction evidence and, if appropriate, receive a new trial on appeal. Moreover, *Brown* and *Luce* suggest its error-preservation rule is necessary to ensure effective review of in limine rulings concerning the impeachment use of prior convictions.

The record in this appeal highlights the wisdom of *Brown*. First, this potentially is the type of case in which strategic defense counsel could attempt to "plant" reversible error. The State presented strong evidence of Derby's guilt. While the victim was out of town, witnesses saw Derby on the victim's front porch, as if Derby was leaving the victim's home. Subsequently, Derby cashed five checks belonging to the victim. The cashiers who accepted the checks identified Derby as the person cashing them. We are left only to speculate how Derby's trial testimony would have rebutted the State's witnesses. *Brown* ensures

this court can engage in a meaningful harmless-error analysis. Second, the scant record inhibits appellate review of the rule 5.609(*a*) issue. The record does not clearly identify Derby's prior convictions or how many he had. The record suggests Derby at least had either a forgery or burglary conviction, and if burglary, it is unclear what type of burglary, which could determine whether admissibility is subject to balancing under rule 5.609(*a*)(1) or is mandatory under rule 5.609(*a*)(2). The rule 5.609(*a*) balancing requirement does not always apply, and we cannot discern from the record if Derby's convictions were subject to balancing. *See State v. Harrington*, 800 N.W.2d 46, 49 (Iowa 2011). If the convictions were to be balanced, then we cannot perform a scrupulous review of the district court's determination without a record clearly articulating Derby's prior convictions and the substance and persuasiveness of his direct testimony and the effect of the cross-examination and impeachment. This discussion reconfirms the merits of the *Brown* approach.

**B. Daly's Effect on Brown.** Derby argues *Daly*, decided four years after *Brown*, undercuts *Brown*'s reasoning and warrants overturning *Brown*. To understand our holding in *Daly*, and its interplay with *Brown*, a brief discussion of the line of cases leading to *Daly* is useful. Before 1975, this court held a defendant only preserved error to challenge a trial court's in limine ruling if the defendant testified at trial and an objection was properly made to the evidence during the course of the trial. *See, e.g., State v. Langley*, 265 N.W.2d 718, 720 (Iowa 1978) ("Ordinarily the granting or rejecting of a motion in limine is not reversible error; the error comes, if at all, when the matter is presented at trial and the evidence is then admitted or refused . . . ."); *State v. Garrett*, 183 N.W.2d 652, 654 (Iowa 1971) (noting in limine rulings are not

subject to reversible error, only subsequent admission or denial of evidence). This error-preservation rule reflected the belief that an in limine ruling was merely a pretrial ruling that sought to alert the court to potential evidentiary issues at trial and not a final ruling on the admissibility of evidence. *See Twyford v. Weber*, 220 N.W.2d 919, 922–24 (Iowa 1974).

In 1975, we decided *State v. Miller*, 229 N.W.2d 762 (Iowa 1975). In *Miller*, the trial court made a definitive ruling on a motion in limine that permitted the State to use the defendant's prior convictions for impeachment purposes. *Miller*, 229 N.W.2d at 768. The defendant subsequently elected to testify, and he disclosed his prior convictions on direct examination to lessen the blow of the State's cross-examination. *Id.* The defendant was convicted, and he appealed the district court's in limine ruling. *Id.* at 766–68. The State claimed the defendant failed to preserve error because the defendant made no objections at trial to the admissibility of the prior convictions. We reasoned that requiring the defendant to object at trial to the admissibility of prior convictions, after the district court conclusively ruled on this issue pretrial, would be "a useless gesture." *Id.* at 768. We then stated that,

> where a motion in limine is resolved in such a way it is beyond question whether or not the challenged evidence will be admitted during trial, *there is no reason to voice objection at such time during trial.* In such a situation, the decision on the motion has the effect of a ruling.

*Id.* (emphasis added). *Miller* merely held that, if the district court makes a definite ruling as to the admissibility of evidence, the party, to preserve error, need not renew that objection when the evidence is admitted. *Id.* *Miller* does not purport to address the situation in which the evidence in

question is never actually admitted into trial—the situation presented in this case and in *Brown*.

*Miller* has been reaffirmed on several occasions albeit in a slightly different light.  In *Miller*, the primary issue was whether the defendant had to reobject to the admission of his prior convictions at trial.  In *State v. Jones*, as in *Miller*, the defendant disclosed his prior convictions on direct examination in response to the trial court's adverse in limine ruling.  *State v. Jones*, 271 N.W.2d 761, 765 (Iowa 1978).  The State, however, argued the defendant waived his claim of error by affirmatively admitting his prior convictions.  *Id.*  We rejected the State's arguments and held the defendant preserved error.  *Id.* at 766.  We reasoned that, when the district court makes a conclusive ruling as to the admissibility of prior convictions, the defendant need not "abandon all trial tactics to preserve error."  *Id.*  This decision was reaffirmed in *State v. Griffin*, 323 N.W.2d 198, 202 (Iowa 1982).

It had thus been well established in this state that, if a trial court conclusively ruled in limine to admit a defendant's prior convictions, the defendant need not reobject to the admission of his convictions at trial to preserve error.  Rather, the defendant could affirmatively introduce his convictions at trial and still preserve error.  In 2000, the Supreme Court, pursuant to its federal court advisory powers, held in a 5–4 decision that a defendant waives his right to appeal a trial court's in limine Federal Rule 609(a) ruling when the defendant affirmatively discloses his prior conviction on direct examination.  *Ohler v. United States*, 529 U.S. 753, 760, 120 S. Ct. 1851, 1855, 146 L. Ed. 2d 826, 832 (2000).  While *Ohler* was not binding on this court, in light of *Ohler*, we reconsidered *Miller* and its progeny in *Daly*.  *Daly*, 623 N.W.2d at 801.

In *Daly*, we rejected *Ohler* and adhered to our precedent in *Miller* and *Jones*, which held a defendant may appeal the district court's in limine ruling, even if the defendant affirmatively discloses his prior convictions on direct examination. *Id.* Thus, *Daly* and the cases before it govern error preservation when the trial court permits the State to impeach the defendant with prior convictions and the defendant then testifies at trial. In those circumstances, the defendant preserves error to appeal the trial court's in limine ruling, assuming the defendant confronts the prior conviction evidence at trial, on either direct or cross-examination.

Against this backdrop, we are not persuaded by Derby's contention *Daly* "call[s] the continuing validity of *Brown* into question." *Daly* and *Brown* involve two different factual situations. In *Daly*, the defendant testifies and confronts his prior conviction evidence. By contrast, in *Brown*, the defendant does not testify, and his evidence of prior convictions is never admitted at trial. These differences lead to different outcomes for error preservation. Our reasoning in *Brown* is based upon the practical appellate difficulties of reviewing the trial court's rule 5.609 in limine ruling when the defendant does not testify and never confronts the prior-conviction evidence. The challenges the incomplete record pose for appellate review are obviated when the defendant testifies and the prior convictions are put in play. *See Ohler*, 529 U.S. at 761, 120 S. Ct. at 1856, 146 L. Ed. 2d at 833 (Souter, J., dissenting) (noting *Ohler* raises none of the "practical difficulties" implicated in *Luce*); *Warren v. State*, 124 P.3d 522, 527 (Nev. 2005) (noting defendant's affirmative testimony on prior convictions raises different issues than defendant's decision not to testify). Moreover, *Daly* is not new law in this state. *Daly* was a mere

affirmation of settled law that predated *Brown*. *Daly* is not inconsistent with *Brown*, nor does *Daly*'s reasoning necessitate we overturn *Brown*.

**C. Case Law from Other Jurisdictions.** Derby also argues that cases from other jurisdictions call into question *Brown*'s continuing vitality. Notably, however, Derby has not cited cases of first impression decided after *Brown*. Nonetheless, we will review decisions reached in other jurisdictions. The preservation-of-error issue present here has been considered in nearly every jurisdiction in this country. Courts have reached one of three conclusions.

A strong majority of courts have reached the same conclusion we reached in *Brown* and the United States Supreme Court reached in *Luce* that, for practical reasons of appellate review, the defendant must testify and be confronted with his prior convictions before complaining of the district court's evidentiary ruling.[1] As a general matter, all courts adopting the *Brown* and *Luce* results appear to agree that, without the defendant's testimony, appellate review of the district court's in limine ruling is impractical.

The states that have declined to adopt *Luce* are split in their resolution of this issue. Some states seek to alleviate the appellate review concerns by requiring the defendant to make an offer of proof.

---

[1]*State v. Wickham*, 796 P.2d 1354, 1358 (Alaska 1990); *State v. Allie*, 710 P.2d 430, 437 (Ariz. 1985); *Smith v. State*, 778 S.W.2d 947, 950 (Ark. 1989); *People v. Collins*, 722 P.2d 173, 176–78 (Cal. 1986); *People v. Brewer*, 720 P.2d 596, 597 (Colo. App. 1985); *State v. Harrell*, 506 A.2d 1041, 1046 (Conn. 1986); *Fennell v. State*, 691 A.2d 624, 625–26 (Del. 1997); *State v. Garza*, 704 P.2d 944, 949 (Idaho Ct. App.1985); *People v. Whitehead*, 508 N.E.2d 687, 694 (Ill. 1987); *People v. Finley*, 431 N.W.2d 19, 25 (Mich. 1988); *State v. Hunt*, 475 S.E.2d 722, 727 (N.C. Ct. App. 1996); *State v. Silvia*, 898 A.2d 707, 720 (R.I. 2006); *State v. Glenn*, 330 S.E.2d 285, 286 (S.C. 1985); *State v. Means*, 363 N.W.2d 565, 569 (S.D. 1985); *Benavides v. State*, 763 S.W.2d 587, 590 (Tex. Ct. App. 1988); *State v. Gentry*, 747 P.2d 1032, 1036 (Utah 1987); *Reed v. Commonwealth*, 366 S.E.2d 274, 277 (Va. Ct. App. 1988); *State v. Brown*, 782 P.2d 1013, 1022–25 (Wash. 1989); *Vaupel v. State*, 708 P.2d 1248, 1249–50 (Wyo. 1985).

*See Saucier v. State*, 562 So. 2d 1238, 1245 (Miss. 1990)*, overruled on other grounds by White v. State*, 785 So. 2d 1059, 1061 (Miss. 2001); *Warren*, 124 P.3d at 527–28; *State v. McClure*, 692 P.2d 579, 583–84 (Or. 1984).  The remaining courts declining to adopt *Luce* permit a defendant to appeal the trial court's prior conviction in limine ruling per se. *Commonwealth v. Crouse*, 855 N.E.2d 391, 397 (Mass. 2006); *State v. Whitehead*, 517 A.2d 373, 376–77 (N.J. 1986); *People v. Moore*, 548 N.Y.S.2d 344, 346 (N.Y. App. Div. 1989); *Commonwealth v. Richardson*, 500 A.2d 1200, 1203 (Pa. Super. Ct. 1985); *State v. Galmore*, 994 S.W.2d 120, 123–24 (Tenn. 1999).

Prior to *Luce*, most federal appellate courts adhered to the per se approach.  *See Whitehead*, 517 A.2d at 374 (collecting circuit court cases).  Derby asserts we should adopt the per se approach and place no requirements on the defendant's right to appeal the district court's in limine ruling under rule 5.609(*a*).  Alternatively, Derby asks us to adopt the offer-of-proof method.  Derby, however, never made an offer of proof, nor does the record contain any indication of his expected testimony. Without commenting on the efficacy of the offer-of-proof method, we deem that issue not before us.

Of the states rejecting *Luce*, the New Jersey Supreme Court has most thoroughly articulated its reasoning.  *Id.* at 374–76.  The *Whitehead* court found the appellate review concerns articulated in *Luce* to be overstated, and thus, it concluded there was no need to force the defendant to testify and face potentially improper prior conviction impeachment to preserve error.  *Id.* at 376.  First, the court noted that trial courts routinely perform the prior-conviction evidentiary-balancing test before trial, without knowing the defendant's specific testimony.  *Id.* Second, with respect to harmless-error concerns, the court noted that

New Jersey law had long permitted defendants to appeal prior conviction in limine rulings without testifying, and the court did not believe its error-preservation rule imposed an undue burden on its judicial system. *Id.* The court concluded, "In sum, our present practice is working well, and we are disinclined to change it." *Id.*

**D. Brown's Precedential Value.** Derby asks us to overrule *Brown.* We reiterate that we "do not overturn our precedents lightly and will not do so absent a showing the prior decision was clearly erroneous." *McElroy v. State,* 703 N.W.2d 385, 394 (Iowa 2005) (collecting cases on stare decisis). Stare decisis does not prevent the court from correcting past judicial announcements that were plainly wrong. *Id.* at 395; *see also State v. Harrington,* 800 N.W.2d at 49 (overruling in part *State v. Axiotis,* 569 N.W.2d 813, 816 (Iowa 1997)).

We conclude the reasons Derby advances for overruling *Brown* do not justify a departure from stare decisis. *Brown* was decided in 1997 and affirmed *Davis,* which was decided in 1982. It has long been settled law that a criminal defendant must testify and confront the impeachment evidence before seeking an appellate determination of admissibility. Derby cites no Iowa case that holds otherwise. In *Brown,* we were asked to decide the issue before us today. We articulated reasons for our decision, and a majority of courts have also deemed those reasons persuasive. By the time *Brown* was decided, several jurisdictions had adopted the offer-of-proof requirement and several others had repudiated *Brown*'s error-preservation rule in its entirety. *Brown* considered and rejected the same arguments Derby presents in his appeal. Accordingly, we apply *Brown* to hold Derby has failed to preserve error on his claim that the district court abused its discretion in denying his motion in limine under rule 5.609(*a*).

**E. Other Claims.** Derby also asserts the district court's evidentiary ruling denied Derby his constitutional right to testify and his constitutional right to a fair trial. " 'Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal.' " *State v. Mitchell*, 757 N.W.2d 431, 435 (Iowa 2008) (quoting *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997)). Derby did not file a motion before or during trial raising his constitutional issues. Nor did Derby raise his constitutional issues in his motion in limine. Derby simply alluded to these claims in one sentence in a motion for new trial. This fails to preserve error. *State v. Wells*, 629 N.W.2d 346, 356 (Iowa 2001).

**III. Disposition.**

Derby has not presented us with any developments since our decision in *Brown* that call into question *Brown*'s vitality, nor have we found any. Derby has not shown *Brown* was the product of clearly erroneous decision making. Derby also failed to preserve his constitutional claims. Accordingly, we affirm his convictions, sentences, and judgment.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except Mansfield, J., who takes no part.