# IN THE COURT OF APPEALS OF IOWA

No. 15-2037
Filed January 25, 2017

**DONALD LYNN BOSS,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Plymouth County, Mary Jane
Sokolovske, Judge.


　　　　Donald Boss appeals from the district court's dismissal of his second
application for postconviction relief. **AFFIRMED.**



　　　　Judy L. Freking of Judy L. Freking, P.C., LeMars, for appellant.

　　　　Donald Lynn Boss, Fort Dodge, pro se.

　　　　Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, for appellee State.



　　　　Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Donald Boss appeals from the district court's dismissal of his second application for postconviction relief (PCR) due to untimeliness. He raises numerous claims of ineffective assistance of counsel and argues the district court incorrectly dismissed his PCR application because he timely raised his claims in his first PCR action but the court did not directly rule on them.[1]

Our review of a district court's dismissal of an application for PCR based "on the State's statute-of-limitations defense is for correction of errors at law." *Harrington v. State*, 659 N.W.2d 509, 519–20 (Iowa 2003). "[W]e will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.*

In 2002, Boss was convicted of first-degree murder of his son. Boss appealed, and we affirmed his conviction. *See State v. Boss*, No. 03-0092, 2004 WL 137627, at \*5 (Iowa Ct. App. Jan. 28, 2004). In 2005, Boss filed his first PCR application, which the district court denied. Our court affirmed on appeal. *See Boss v. State*, No. 08-1504, 2010 WL 3155198, at \*6 (Iowa Ct. App. Aug. 11, 2010). Procedendo issued on November 8, 2010. Boss then sought federal habeas corpus relief. The federal district court denied the petition, and the denial was affirmed on appeal. *See Boss v. Ludwick*, 760 F.3d 805, 811 (8th Cir. 2014). On August 21, 2014, Boss filed his second PCR application. The district

---

[1] Boss also asks this court to clarify an ambiguity in the law and determine whether his conviction was unconstitutional. Boss has waived these claims because he failed to raise them in the district court. *See State v. Derby*, 800 N.W.2d 52, 60 (Iowa 2011) ("Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." (citation omitted)); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

court dismissed Boss's second PCR application as being barred by the statute of limitations because he filed the application more than three years after the writ of procedendo. *See* Iowa Code § 822.3 (2014) (providing PCR applications must be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

Boss has failed to prove any exceptions to the statute of limitations. Upon our review, we conclude the district court correctly determined Boss's application was time-barred. We affirm without further opinion, pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**