# IN THE COURT OF APPEALS OF IOWA

No. 16-0369
Filed June 21, 2017

**JOHN KENDALL,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

John Kendall appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

John Kendall appeals from the district court's denial of his application for postconviction relief (PCR), following his guilty plea to two counts of sexual abuse in the third degree and one count of lascivious acts with a child. The district court sentenced Kendall to indeterminate terms of incarceration for no more than ten years on each count, all to run consecutively.[1]

On February 18, 2015, Kendall filed a PCR application. Counsel for Kendall subsequently amended the application, which the district court denied. On appeal, Kendall asserts the imposition of a lifetime special sentence of supervision by the Iowa Department of Corrections, to be served "as if on parole," pursuant to Iowa Code section 903B.1 (2011), categorically violates his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution and article I, section 17 of the Iowa Constitution when imposed for convictions for sexual abuse in the third degree.[2]

---

[1] On direct appeal, our court affirmed Kendall's convictions and sentences, finding his trial counsel did not render ineffective assistance and the district court did not abuse its discretion in sentencing him. *See State v. Kendall*, No. 13-0442, 2013 WL 6403074, at *2–3 (Iowa Ct. App. Dec. 5, 2013).

[2] Kendall also claims the district court violated his due process rights by failing to inform him of the board of parole's alleged practice of "refus[ing] or severely limit[ing] parole for sex offenders" before accepting his guilty plea. He claims this alleged practice amounts to a de facto "mandatory minimum sentence for sex offenders." Although Kendall raised this issue in his amended PCR application, the district court did not rule on it, and Kendall did not file a motion seeking a ruling on this issue. Therefore, this claim is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. . . . When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."); *see also State v. Derby*, 800 N.W.2d 52, 60 (Iowa 2011) ("Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." (citation omitted)).

A defendant may challenge the legality of a sentence at any time. *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009); *see also* Iowa R. Crim. P. 2.24(5)(a). We generally review PCR proceedings for correction of errors at law. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). However, when an applicant raises constitutional claims, we apply a de novo review. *See id.*

After analyzing the possible implications of evolving case law governing mandatory sentencing provisions for juvenile offenders, and on the record before it, our supreme court recently reaffirmed that lifetime special sentences under section 903B.1 do not constitute cruel and unusual punishment when imposed for sexual abuse in the third degree. *State v. Graham*, ___ N.W.2d ___, ___, 2017 WL 2291386, at *10 (Iowa 2017) (concluding a lifetime special sentence of supervision does not constitute cruel and unusual punishment even when imposed upon criminal defendants who were juveniles at the time they committed the offense); *see State v. Harkins*, 786 N.W.2d 498, 507 (Iowa Ct. App. 2009); *State v. Sallis*, 786 N.W.2d 508, 517 (Iowa Ct. App. 2009); *see also State v. Cohrs*, No. 14-2110, 2016 WL 146526, at *4 (Iowa Ct. App. Jan. 13, 2016). Thus, we affirm the district court's denial of Kendall's PCR application. *See* Iowa Ct. R. 21.26(1)(a), (c), (d), (e).

**AFFIRMED.**