# IN THE SUPREME COURT OF IOWA

No. 16–0609

Filed June 23, 2017

**STATE OF IOWA,**

Appellee,

vs.

**ZACHARY RYAN JAMES,**

Appellant.

Appeal from the Iowa District Court for Adams County, Dustria A. Relph, Judge.

The district court granted the State's motion to regulate discovery and prevented the defendant from issuing ex parte subpoenas duces tecum on third parties without notice to the State. **AFFIRMED.**

Unes J. Booth of Booth Law Firm, Osceola, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins and Andrew B. Prosser, Assistant Attorneys General, and Douglas D. Daggett, County Attorney, for appellee.

Alan R. Ostergren, Muscatine, for amicus curiae Iowa County Attorneys Association.

**ZAGER, Justice.**

This case is a companion case to *State v. Russell*, ___ N.W.2d ___ (Iowa 2017), also filed today. This case raises the same legal propositions[1] as those in *Russell.* Specifically, the district court order in this case prevented James from issuing an ex parte subpoena duces tecum and provided,

> Defendant shall not [serve] or deliver any subpoena on any person or entity for any purpose other than to secure the attendance of that person or entity as a witness at a deposition, on notice to all parties, pursuant to I.R.Crim.P. Rules 2.13(1) or (2) or Rule 2.13(2)(b) or to secure the attendance of a witness at trial or other court hearing.

We granted James's application for discretionary review. Since the same legal reasoning and opinion in *Russell* fully applies here, our opinion here is controlled and governed by our opinion in *Russell.* For the reasons set forth in *Russell*, the decision of the district court is affirmed.

**AFFIRMED.**

This opinion shall not be published.

---

[1]The defendant also raises the question of the right to confrontation under the United States Constitution and the Iowa Constitution, which was not raised in *Russell*, ___ N.W.2d at ___. However, the defendant did not raise this issue in his motion to reconsider the district court's ruling, and therefore raises it for the first time on appeal. We do not consider issues raised for the first time on appeal, including constitutional issues, and therefore error was not preserved on this claim. *State v. Derby*, 800 N.W.2d 52, 60 (Iowa 2011).