**IN THE COURT OF APPEALS OF IOWA**

No. 16-2174
Filed January 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DENEM NULL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.


        Denem Null appeals the sentences imposed on his convictions for crimes he committed as a juvenile. **AFFIRMED.**


        Mark C. Meyer, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Heard by Danilson, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Denem Null appeals following a second resentencing for crimes he committed as a juvenile. He argues the district court failed to adequately state its reasons for imposing consecutive sentences. He also claims Iowa Code section 902.4 (2009) is unconstitutional as applied to him.

**I. Background Facts and Proceedings.**

Null was sixteen years old when he shot and killed Kevin Bell during a robbery. After he entered guilty pleas, district court sentenced Null to a fifty-year term of incarceration for second-degree murder and a twenty-five-year term for first-degree robbery. Each sentence carried a seventy-percent mandatory minimum term. The district court ordered Null to serve the sentences consecutively.

On direct appeal from his convictions and sentences, Null claimed the mandatory minimum sentence he was required to serve—in excess of fifty years—amounted to a de facto life sentence, thereby violating federal and state constitutional protections against cruel and unusual punishment. *See, e.g., Miller v. Alabama*, 567 U.S. 460, 479 (2012) (holding sentencing schemes that mandate life in prison without possibility of parole for juvenile offenders who commit homicide offenses unconstitutional under the Eighth Amendment). Our supreme court held that juvenile offenders facing mandatory minimum prison terms of more than fifty years are entitled to an individualized sentencing hearing to determine their parole eligibility. *State v. Null (Null I)*, 836 N.W.2d 41, 70-71 (Iowa 2013). The court noted specific considerations the district court must contemplate in sentencing these juvenile offenders, such as the difference in culpability between

children and adults, their increased ability to change, and that lengthy prison sentences without the possibility of parole are only appropriate "in rare or uncommon cases." *Id.* at 74-75. The court vacated Null's sentence and remanded the case to the district court for individualized resentencing, ordering the court to consider whether the imposition of consecutive sentences would result in a prison term so lengthy it violates the Iowa Constitution's protections against cruel and unusual punishment. *Id.* at 76-77.

The district court held a resentencing hearing on remand. In its written order, the court summarized the evidence presented at the resentencing hearing:

> [Null] is currently 23 years old, but was 16 years, 10 months, and 14 days old at the time he shot and killed Kevin Bell. [Null] had a rough childhood. His parents were never married and his father left when [Null] was four (4) years old. [Null] has two younger half-siblings. [Null] was primarily raised by his mother, who has a history of drug and alcohol abuse. [Null]'s mother also worked as a stripper and prostitute. Throughout the course of his childhood, [Null]'s mother brought several of her "boyfriends" into [Null]'s life. Many of these boyfriends were physically abusive to [Null] and [Null]'s mother. Both grandmothers described [Null]'s childhood as difficult and characterized him as being torn between his mother and his father. [Null] did spend periods of time in his father's care. Several Juvenile Court and DHS services were provided to [Null] throughout his childhood. These interventions are thoroughly summarized in the [presentence investigation report] and [Null]'s Addendum to Sentencing Memorandum filed under seal. While in residential treatment from January 2008 to January 2009, [Null] was sexually abused by a female staff member.
>
> [Null] presented evidence of a history of mental illness in his family, including his own, mostly untreated, mental health issues. [Null] did receive some mental health treatment at age five (5), however, his mother would not allow him to take medication as prescribed.
>
> While incarcerated, [Null] has taken advantage of the programs offered to him, including the completion of his GED. [Null] is also taking college courses and has taken advantage of job opportunities in prison. He has had some discipline problems during his incarceration and transition from county jail to prison, but these

incidents were minor. The Court also received evidence of [Null]'s artistic talents.

[Null] testified at the resentencing hearing. In addition to recounting the difficulties with his childhood and the circumstances of his crimes, [Null] described how his incarceration and his continued maturity have affected his attitude. Unlike his original sentencing hearing, [Null] displayed remorse for his crime. He also acknowledged he needs additional treatment and services, some of which are not available to him in prison at this time due to the structure and length of his prison sentence. [Null] also stated he is not currently on any medication.

[Null]'s mitigation specialist, Ms. Wilson, gave several opinions on how [Null]'s personal characteristics and the circumstances of his life should reduce the amount of punishment imposed by the Court. Ms. Wilson opined that instability in [Null]'s life has made him more susceptible to negative influences. She also opined that the circumstances of his youth have inhibited his ability to succeed in life and that only now, through the structure of the department of corrections, has [Null] been able to display his potential. Ms. Wilson testified that [Null]'s early use of drugs, specifically marijuana, negatively affected his cognitive abilities and was extremely harmful to him. Ms. Wilson also pointed to the fact that [Null] is of "mixed-race" and that this has caused him to have "identity confusion."

Analyzing the factors set out by the supreme court in *Null I*, the district court determined that, although Null was a minor at the time he committed his crimes and possessed the "immaturity and impetuosity" of the average adolescent male, his juvenile disciplinary history led Null to have "a heightened sense of the risks and consequences of his actions as compared to the average nearly 17-year-old male." The court then noted Null's "difficult, tragic" home life created Null's attitude that he was "destined" to be a criminal and "was a significant contributing factor" leading to the commission of his crimes. The court observed that Null's "demeanor and attitude were significantly less defeatist at the resentencing hearing." However, the court stated that nothing at the resentencing hearing changed its perception "of the heinous nature of the crimes" Null committed or his significant

role in the conduct. Despite his "poor track record as a juvenile and the heinous nature" of his crimes, the court found Null "has the potential to be rehabilitated" if provided "the right environment, support, and treatment," and noted Null's artistic talent "can be fostered as part of treatment and rehabilitation." The court then resentenced Null to the same sentences—a fifty-year term of incarceration on the murder conviction and a twenty-five-year term on the burglary conviction—but found that imposing a mandatory minimum sentence of any kind was unwarranted. The court also ordered the sentences run consecutively.

Null appealed the resentencing order, arguing imposition of the consecutive sentences was an abuse of discretion and cruel and unusual punishment, in violation of the Iowa Constitution. *State v. Null (Null II)*, No. 15-0833, 2016 WL 4384614, at *1 (Iowa Ct. App. Aug. 17, 2016). This court rejected Null's arguments. *Id.* at *3 We recognized that, "although the court ordered consecutive sentences, it also ordered Null not be subject to any minimum term before becoming eligible for parole," providing Null a meaningful opportunity to obtain release and demonstrating that Null received an individual sentencing hearing as is constitutionally required. *See id.*; *Null I*, 836 N.W.2d at 71. However, after Null was resentenced, "our supreme court overruled precedent which allowed us to affirm a district court's decision to run sentences consecutively as part of an overall sentencing plan." *Null II*, 2016 WL 4384614, at *3 (citing *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016)). Because the district court failed to provide an adequate explanation for imposing consecutive sentences, we vacated that portion of Null's sentence and remanded to the district court to "determine whether the sentences should run consecutive or concurrent and provide reasons for its decision." *Id.*

The district court held another resentencing hearing on remand. Null presented additional evidence concerning the unavailability of some rehabilitative options in prison. After considering that evidence and restating its findings from its two prior sentencing orders, the court again imposed consecutive sentences. Null then filed this, his third, appeal.

## II. Standard of Review.

We apply one of three standards of review to a sentencing challenge, depending on the nature of the challenge. *See State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). We review a sentence that is within the statutory limits for an abuse of discretion. *See id.* When the court imposes a sentence that is not authorized by statute, our review is for correction of errors at law. *See id.* at 553. We review challenges to the constitutionality of a sentence de novo. *See id.*

## III. Discussion.

Null asserts two claims in this appeal: (1) the district court abused its discretion in imposing consecutive sentences and (2) Iowa Code section 902.4 is unconstitutional as applied to him.

### A. Consecutive Sentences.

Null asserts the district court abused its discretion in imposing consecutive sentences in two respects. First, he claims the facts of his case do not warrant imposition of consecutive sentences. Second, he claims the district court failed to consider the way his sentence would be implemented when it imposed consecutive sentences.

The sole purpose for remand following this court's decision in *Null II* was for the trial court to "determine whether [Null's] sentences should run consecutive or

concurrent and provide reasons for its decision." 2016 WL 4384614, at *3. Following that resentencing hearing, the court quoted the reasons it provided for imposing Null's original sentence in 2011. The court then considered the new evidence Null provided during the resentencing hearing and stated:

> [N]one of what I hear today changes my assessment, my original assessment and my original reasons for imposing consecutive sentences. I feel that consecutive sentences are appropriate in this case for all the reasons I stated . . . on June 10th of 2011, for all of the reasons that are stated in the April 17, 2015 resentencing order, and again, for the reasons that I said on the record back then and state now, that the nature and circumstances of the offense and the history and characteristics of the defendant, including his age, all the *Miller* factors, his prior juvenile conduct that I referenced, the recommendations that were in the presentence report originally, the recommendations that I've heard from counsel here today and at prior hearings, and . . . the offense conduct, all of that, and as well as the opportunity and I think the ability for the defendant to be rehabilitated, all that taken together warrants imposition of consecutive sentences.

On appeal, Null complains that the court only provided "general observations" and "cited nothing specific" justifying the imposition of consecutive sentences. We disagree. The court imposed consecutive sentences for the same reasons it had cited in determining terms of incarceration were appropriate. This practice is permissible as long as the sentencing court explicitly states its reasons. *See Hill*, 878 N.W.2d at 275. The district court's reasoning is not rendered insufficient by summarizing those reasons rather than restating them in great detail; the court's reasons need only be sufficiently detailed to allow us to review the sentencing court's exercise of its discretion. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). The overall record here is sufficient to allow us to review the court's exercise of discretion.

We then review the reasons the district court provided for imposing consecutive sentences to determine whether the court abused its discretion. An abuse of discretion will be found only if the district court's ruling rests on clearly untenable or unreasonable grounds. *See Willard v. State*, 893 N.W.2d 52, 58 (Iowa 2017). A ground or reason is untenable if it is based on an erroneous application of law. *See id.* In imposing consecutive sentences, the court relied on pertinent matters such as "the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform," *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 2015), along with the factors required for individualized sentencing as set out in *Null I*, 836 N.W.2d at 76-77.

Null disagrees with the district court's conclusions based on the facts of his case and argues it failed to properly weigh the sentencing factors. However, his disagreement with the sentences imposed does not equate to an abuse of discretion. *See State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016) ("[M]ere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion.").

Null also asserts the district court failed to take into account the practical effect the imposition of consecutive sentences would have in the amount of time he serves. He testified that the Iowa Department of Corrections (IDOC) will only provide him the treatment he needs for parole when he is within seven years of his discharge date. He argues that even though the district court waived the mandatory minimum sentences, he is only "theoretically eligible" for parole at the present time while serving a "de facto" minimum sentence based on the IDOC's policies.

Our supreme court has noted "that immediate *eligibility* for parole is not the same as immediately coming before the parole board for review." *State v. Propps*, 897 N.W.2d 91, 101 (Iowa 2017). Although the parole board must review the status of individuals eligible for parole on an annual basis, "in our juvenile sentencing cases, we have never required that release on parole be *immediate*." *Id.* Instead, in those cases where the sentencing court exercises its discretion to determine a juvenile defendant should be eligible for parole, the juvenile defendant "must be given a realistic and meaningful opportunity to demonstrate maturity and rehabilitation." *Id.* at 102-03. Null's immediate eligibility for parole comports with constitutional requirements:

> Because an indeterminate sentence allows for immediate eligibility for parole, a juvenile is able to demonstrate to the parole board whether he or she appreciated the harm done and utilized the options available for reform. If rehabilitation has not yet occurred, the parole board may make the decision to continue incarceration until the juvenile has demonstrated through his or her own actions the ability to appreciate the severity of the crime. This is consistent with the approach of our prior holdings in the area of juvenile sentencing, because it allows for a realistic and meaningful opportunity for parole upon the juvenile's demonstration of maturity and rehabilitation.

*Id.* at 102.

Because the district court provided adequate reasons for imposing consecutive sentences and did not abuse its discretion in doing so, we reject Null's claims.

**B. Iowa Code section 902.4.**

Null also argues the imposition of a one-year limit on when the court may reconsider a juvenile offender's felony sentence set forth in Iowa Code section 902.4[1] is unconstitutional as applied to the facts and circumstances of his case. However, Null never raised this claim in the district. As a result, we will not consider this claim for the first time on appeal. *See State v. Derby*, 800 N.W.2d 52, 60 (Iowa 2011) (stating issues not raised before the district court—even constitutional issues—cannot be raised for the first time on appeal).

We affirm Null's sentence.

**AFFIRMED.**

---

[1] This section states in relevant part:

> For a period of one year from the date when a person convicted of a felony, other than a class "A" or class "B" felony, begins to serve a sentence of confinement, the court, on its own motion or on the recommendation of the director of the Iowa department of corrections, may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law.

Iowa Code § 902.4.