# IN THE COURT OF APPEALS OF IOWA

No. 19-1638
Filed April 28, 2021

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**NICHOLAS A. IARIA, II,**
       Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.

Nicholas Iaria II appeals the sentence imposed following his pleas of guilty.

**SENTENCE VACATED AND CASE REMANDED.**

Alfredo Parrish and Andrew Dunn of Parrish Kruidenier Dunn Boles Gribble

Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**BOWER, Chief Judge.**

Nicholas Iaria II appeals the sentence imposed following his pleas of guilty[1] to intimidation with a weapon without intent, in violation of Iowa Code section 708.6(2) (2018); going armed with intent, in violation of section 708.8, and reckless use of a firearm causing damage, in violation of section 724.30(3). Iaria contends the court abused its sentencing discretion and imposed consecutive sentences based on the mistaken belief the parties agreed to consecutive sentences.

Because Iaria received a discretionary sentence that was neither mandatory nor agreed to as part of his plea bargain, he has established good cause to appeal.[2] *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019) (providing the right to appeal from a conviction entered upon a guilty plea only when the conviction is for a class "A" felony or the defendant establishes good cause); *Damme*, 944 N.W.2d at 105 ("We hold that good cause exists to appeal from a

---

[1] Iaria entered *Alford* pleas. *See North Carolina v. Alford*, 400 U.W. 25, 37 (1970). "Under this procedure, 'the defendant acknowledges the evidence strongly negates the defendant's claim of innocence and enters [a guilty] plea to avoid a harsher sentence.'" *State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005) (alteration in original) (citation omitted).

[2] Iaria contends his appeal is not subject to the 2019 amendment to Iowa Code section 814.6(1), which—as of July 1, 2019—denies a defendant the right of appeal from a guilty plea, except for a guilty plea to a class "A" felony or in a case where a defendant establishes good cause. Iowa Code § 814.6(1)(a)(3) (2020). Despite the fact that Iaria entered his pleas in June 2019, judgment was not entered until August 30. Therefore, the new statute controls Iaria's right to appeal. *See State v. Boldon*, 954 N.W.2d 62, 68 (Iowa 2021) ("The statutory right of direct appeal is determined by those laws 'in effect at the time the judgment or order appealed from was rendered.'" (citation omitted)); *State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020).

Iaria's constitutional challenges to the amendment were not raised below and, therefore, are not preserved for our review. *See State v. Derby*, 800 N.W.2d 52, 60 (Iowa 2011) ("[I]ssues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." (citation omitted)).

conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."); *see also Boldon*, 954 N.W.2d at 69 (finding "good cause" for an appeal where the defendant does not challenge the guilty plea but "[i]nstead . . . challenges the sentencing hearing and his sentence").

We review sentencing decisions for correction of errors of law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

> A sentencing court's decision to impose a specific sentence that falls within the statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." We afford sentencing judges a significant amount of latitude because of the "discretionary nature of judging and the source of the respect afforded by the appellate process." Nevertheless, "[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required . . . even if it was merely a 'secondary consideration.'"

*Boldon*, 954 N.W.2d at 73 (citations omitted).

Iaria asserts the court improperly employed a fixed policy in rejecting suspended sentences. *See State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) ("The court is not permitted to arbitrarily establish a fixed policy to govern every case, as that is the exact antithesis of discretion." (citation omitted)). Iaria maintains the court denied him probation based on a prior sentencing decision, thereby depriving him of an individualized sentencing determination. We believe this is a mischaracterization of the judge's thought process:

> All right. So when I consider these decisions—and I will say, this is a challenging decision for a number of reasons. I don't waffle on a lot of cases, I will be honest. Usually the results seem evident to me after I walk my way through the various factors, and it's the way most cases tend to go. This one, there's a lot of balancing to be done on both sides.
> . . . .

> . . . [T]his isn't just a case involving, you know, a minor assault or kind of a fistfight that went out of hand at the bar. This was firing a handgun, and the State is exactly right. I mean, someone could have been killed. Any time shots are fired where people are around, someone can get killed. And that is extremely significant and weighs heavily in my view.
>
> I think I have done—I don't know how many of these sentencings I've done in five years. I've been on the criminal docket three of those five years, maybe I have done a thousand sentencings, I don't know. There's only one I have any regret over whatsoever, and that was a case in which involved violence, and there was an issue of violence in the person's past. The State came back and recommended probation because the person had strong family background, had children and a wife, job, all that was in place, seemed like potential for probation. I was a little nervous about it but went along with it, and that person was later killed following a fire fight with the Urbandale Police Department. And later his DNA was discovered at another crime scene.
>
> And, you know, we make the decisions—best decisions we can. But that's one that caused me *to think about and think more deeply about how I handle decisions in these kinds of cases when we have acts of violence.* It's different than drug cases or maybe other—not cases involving nonviolent crimes, but this one is an extremely violent offense.

The emphasized language does not indicate a fixed policy of denying probation in cases involving violence. Rather, the language shows the court's experience impressed upon the court the need for careful consideration of the many relevant factors.

The relevant factors to consider when imposing sentence include the defendant's age, prior criminal record, employment circumstances, mental health and substance abuse history, the nature of the offense, and "other factors as are appropriate." Iowa Code § 907.5(1). Postconviction rehabilitation efforts are included among the "other factors as appropriate." *State v. Hopkins*, 860 N.W.2d 550, 554–55 (Iowa 2015).

Here, the court noted it would consider the victim impact statement. The court considered Iaria's age and his history of prior assaultive behavior. The court stated:

> Mr. Iaria, I talked about the dismissals, but now I'm coming back to this assaultive behavior class. You took one of those in 2014. Did that work? Didn't work on this night. And then you have another instance back in 2006 where you had a more minor assault, paid a $100 fine, but again had to take an assaultive behavior class. Did that work? No, apparently not, because here we are. You're [forty-six] years old and maybe [forty-five] at the time of this offense. And you say you weren't intoxicated, yet you're at the bar and—or the parking lot, and you're carrying a weapon and you're firing shots, and you recognize now that it was wrong. . . . You offer some mitigating factors, but, ultimately, it doesn't really matter when you're firing a weapon at someone when they aren't firing a weapon at you.
>
> I think concerning everything together, considering your rehabilitation and protection of the public, I am going to make the decision to sentence you to prison. And I think that is justified by the circumstances and the fact that you have some experiences with the criminal justice system and you have taken assault classes in the past and you just haven't learned from it. And I think it's important that that lesson be driven home. I might be willing to consider a motion to reconsider after some time has gone by, see how you do incarcerated, but that's going to be the decision of the court.

We find no abuse of discretion in the court's consideration of these factors.

The court sentenced Iaria to an indeterminate term of five years on the first two offenses and two years on the third offense, for a total of twelve years. The court stated: "They will be run consecutively for the separate and serious nature of those offenses and *based upon the agreement of the parties that resulted in the plea*."[3] The State concedes this is a misstatement of the plea agreement, which allowed the parties to argue for any legal sentence. The parties' sentencing

---

[3] The court repeated this misstatement of the plea in a later ruling where the court wrote: "The parties agreed that defendant would be sentenced consecutively for twelve years as part of the plea."

arguments focused on whether the court should impose incarceration or suspend sentence.[4]

We do not speculate whether the district court would have imposed consecutive sentences in the absence of the misstatement. "If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). We therefore vacate the sentence and remand for resentencing.

**SENTENCE VACATED AND CASE REMANDED.**

---

[4] The State did not argue for consecutive sentences.