**IN THE COURT OF APPEALS OF IOWA**

No. 20-0504
Filed July 21, 2021

**DAKOTA POLAND,**
        Defendant-Appellant,

**vs.**

**STATE OF IOWA,**
        Plaintiff-Appellee.

_____

        Appeal from the Iowa District Court for Des Moines County, Wyatt Peterson,

Judge.


        Dakota Poland appeals the dismissal of his application for postconviction

relief. **AFFIRMED.**


        Nate Nieman, Rock Island, Illinois, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Dakota Poland is currently serving a life sentence for first-degree kidnapping and a concurrent twenty-five year sentence for second-degree kidnapping. After his convictions were affirmed by our court,[1] Poland initiated this postconviction-relief (PCR) action by filing a pro se application followed by a pro se supplemental application. In those two filings, Poland asserted seven grounds for PCR: (1) "Tainted Jury"; (2) "violation of Eighth amendment"; (3) "assassination/Defamation of character"; (4) "possible witness tampering"; (5) "violation of fourteenth amendment"; (6) "Bradey violation"; and (7) "wrongfully charged (unlawful)." Poland was then appointed an attorney. The attorney filed an amended application, which claimed prosecutorial misconduct during the trial and ineffective assistance of trial counsel.

A trial was held on Poland's applications in 2019. Poland was not present for trial, but his attorney was. Poland was allowed to supplement the trial record with the transcript of his deposition taken after the trial. During that deposition, Poland testified about the grounds stated in his pro se applications. After receiving Poland's deposition transcript and giving the parties the opportunity to submit post-trial briefs, the district court issued a ruling denying all of Poland's PCR applications, whether filed by Poland or his attorney. Poland appeals. He raises one issue, namely that he was not afforded an opportunity to be fully heard on his

---

[1] *See State v. Poland*, No. 17-0189, 2018 WL 3302201, at *2–4 (Iowa Ct. App. July 5, 2018).

pro se applications prior to dismissal of them, resulting in denial of his due process rights.

We reject Poland's claim because it was not preserved for our review. Generally, error is preserved on an issue by a party raising the issue, the district court ruling on it, and the party raising the issue again on appeal. *State v. Holmes*, 958 N.W.2d 545, 547 (Iowa 2021). Constitutional questions must be preserved in the same way as any other type of issue. *State v. Derby*, 800 N.W.2d 52, 60 (Iowa 2011); *State v. Johnson*, 476 N.W.2d 330, 333 (Iowa 1991).

Poland contends error was preserved on his due process challenges because the district court considered and ruled on the matters included in his pro se applications. We disagree. The district court's ruling acknowledges the only support for Poland's pro se applications is contained in the transcript of his deposition. During his deposition, Poland answered questions from the State regarding the allegations in his pro se application, and he had the opportunity to testify about anything relevant to his claims that he chose to discuss. After considering the evidence Poland presented through his deposition and otherwise, the district court found Poland did not meet his burden and his pro se arguments did not merit relief. Accordingly, his applications were dismissed. Nowhere in the district court's ruling does the court address any due process challenge, which is not surprising given that Poland had not raised any such challenge.

On appeal, Poland does not challenge the district court's findings that his claims set forth in all his applications, both those filed pro se and those filed by his attorney, did not have merit. Instead, he claims his due process rights were violated because he was not given the opportunity to present additional evidence

or arguments about his claims. However, at no time before, during, or after the trial did Poland bring a due process challenge to the district court's attention. The silence on a due process claim continued during Poland's deposition, which was taken after the trial when Poland knew he had not been able to participate live at the trial. The first time Poland raised a due process issue was on appeal. Raising an issue for the first time on appeal is too late. *See Derby*, 800 N.W.2d at 60.

As the only issue Poland raises on appeal was not preserved for our review, we affirm the district court's ruling denying Poland's PCR applications.

**AFFIRMED.**