# IN THE COURT OF APPEALS OF IOWA

No. 21-1489
Filed August 3, 2022


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**THERESA WYNELL McBROOM,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Decatur and Wayne Counties, Dustria A. Relph, Judge.


Theresa Wynell McBroom appeals the sentences imposed following her guilty pleas to several drug offenses. **AFFIRMED.**



Audra F. Saunders, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., Greer, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VAITHESWARAN, Presiding Judge.**

Theresa Wynell McBroom agreed to "a universal plea offer" under which she would plead guilty to possession with intent to deliver methamphetamine in Decatur County and possession with intent to deliver methamphetamine in Wayne County, each carrying a prison term not exceeding ten years. The plea agreement provided that the State would argue for consecutive sentences, "for 20 years total," and the defense would argue for concurrent sentences, "for 10 year[s] total."

The prosecutor and defense attorney followed that playbook. The district court adopted the prosecutor's recommendation and ordered the sentences to be served consecutively. McBroom appealed.

Preliminarily, McBroom argues "there is good cause to consider this appeal." We agree. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").[1]

On the merits, McBroom contends the district court's decision to run the sentences consecutively rather than concurrently amounted to an abuse of discretion. *See State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006) (prescribing

---

[1] Iowa Code section 814.6(1) (2020) prohibits appeals from "[a] conviction where the defendant has pled guilty," except in cases of class "A" felonies or where "the defendant establishes good cause." McBroom argues a denial of her right to appeal under that provision would violate various constitutional provisions. Error was not preserved on this constitutional argument. *See State v. Derby*, 800 N.W.2d 52, 60 (Iowa 2011) ("Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." (citation omitted)). In any event, the supreme court has upheld the provision in the face of due process, equal protection, and separation-of-powers challenges. *See State v. Treptow*, 960 N.W.2d 98, 105–07 (Iowa 2021); *State v. Tucker*, 959 N.W.2d 140, 152 (Iowa 2021).

standard of review).  She argues "her prior history, age, maturity level and criminal history . . . did not warrant a twenty-year sentence."

The district court cited several reasons for imposing consecutive sentences, including the fact that there were "two distinct and separate offenses," "[t]he second offense occurred while Ms. McBroom was under pretrial release for the first offense," and consecutive sentences would afford her "a longer period of sobriety," making her "better situated to be a productive member of society."  The court also noted that, at age fifty-four, McBroom "was too old for this."

We discern no abuse of discretion in the court's decision to impose consecutive sentences.  McBroom's judgment of conviction and sentence are affirmed.

**AFFIRMED.**